### Denton, et al. v. Carey-Reed Company, et al.

(Decided March 9, 1916.)

### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Reconstruction of Street.—Where, under section 3098 of the Kentucky Statutes, a city of the second class advertises for bids for the reconstruction of a street, specifying the use of some one of numerous kinds of material in the work, and only one bid is received, the acceptance of the single bid does not violate the provisions of the statute for competitive bidding in the absence of fraud, collusion and unfairness.

2. Municipal Corporations—Street Construction—Correction of Contract.—Under section 3100 the general council of a city of the second class may correct the mutual mistake of the city and the contractor in failing to have the executed contract and bond filed within the thirty days required by law, by filing same when the mistake is discovered and no one is injured thereby.

3. Municipal Corporations—Reconstruction of Street—Acceptance of Contract.—After the proper city authorities have regularly and fairly contracted for the reconstruction of a street, and ac-

cepted the work as done, the acceptance by the city council is con-
clusive of the manner of doing same.

MATT S. WALTON and ALLEN & DUNCAN for appellants.

RICHARD C. STOLL, JAMES G. DENNY and STOLL & BUSH
for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellants were plaintiffs below and filed this
suit against appellees, Carey-Reed Company and the
city of Lexington, to enjoin them from asserting or en-
forcing a lien against the property of appellants for the
reconstruction of Rose Lane, a street in Lexington,
upon which their property fronts.

Appellees filed an answer to the petition, which prac-
tically confessed, but gave more fully the facts of each
transaction about which the appellants complained.
Other motions and orders were thereafter entered which,
in effect, practically sustained a demurrer to each para-
graph of the petition, and the appellants declining to
plead further, the petition was dismissed, from which
judgment this appeal is prosecuted.

The questions raised in the lower court and pre-
sented for review here, are as follows: (1) Was the pro-
vision of Section 3098 of the Kentucky Statutes requir-
ing competitive bidding complied with in letting the con-
tract for the reconstruction of Rose Lane? (2) Were
the plaintiffs released from liability under the contract
for the reconstruction of said street by the failure of
the contractor to file the contract and bond within the
thirty days prescribed by law? (3) Can appellants ques-
tion the action of the city in accepting the work of the
contractor upon the ground that same was not done ac-
cording to the specifications?

1. Section 3098 provides the manner in which cities
of the second class shall let contracts for improvement
of streets, and a part thereof which appellants claim was
not complied with is as follows:

"It shall have power to let contracts for the work,
provided that no such contract shall be let except upon
competitive bidding to the lowest and best bidder after
advertisement for at least five days in the official news-
paper."

And their contention is that this portion of said stat-
ute requires that there must be actual competition in

the bidding, and that thereunder the city is without power to let a contract when only one bid is submitted. It is agreed that every necessary preliminary step was taken by the city in this case, and that the bidding was open to the world upon several different designated kinds of construction, and, if not competitive, was so simply because only one bid was submitted.

Appellant contends that the words "competitive bidding" as used in the above quotation in Section 3098 of the statute, should be construed to mean "actual competition" in the bidding. Counsel for appellants admit that they can find no authorities sustaining their contention, but argue that the above section of the statute was not a grant of power, but a restriction upon an existing power; that the restriction of letting only to the lowest and best bidder already existed, and that the Legislature by the insertion of the words "except upon competitive bidding" intended a restriction which would prohibit a letting except when actual competition was present in the bidding. We are unable to concur in this contention, even if it be true, as stated, that the Legislature when it enacted Section 3098 inserted into the law for the first time the words "except upon competitive bidding," and even though we may concede it was the legislative intent to place an added restriction upon the power theretofore enjoyed by such city. And we may further concede as argued by appellants that the Legislature at the time had in mind the case of Ex Parte City of Paducah, 89 S. W., 302, and the case of Fineran vs. Central Bitulithic Pav. Co., 76 S. W., 415, cited therein, in the latter of which the bids were limited to a particular patented article of which one company held a monopoly; but even then we do not reach appellants' conclusion.

In the Fineran case a material was specified, a monopoly upon which was owned and controlled by a single company. A single bid under such a letting by the company holding the monopoly on the prescribed material was the lowest and best bid; but, no one else being able to obtain that particular kind of material, competitive bidding was impossible; and as competitive bidding was desired, of course, and the only kind contemplated, the Legislature might reasonably be presumed to have inserted these new words in the law for the purpose of holding the bidding open to competition

at all times, and for the purpose of preventing the letting of a contract to the lowest and best bidder when the specifications prevented all but one party from bidding. That such was the purpose and the effect of the insertion in the statute of these additional words we do not doubt.

In the case at bar the ordinance provided for the construction of this street with one of nine or ten different kinds of material, and asks for bids upon each of the different kinds. It is not alleged that any one else would have made a lower bid upon a readvertisement, nor that the bid accepted is high or that the appellants were injured by its acceptance, and the only objection is that but one bid was submitted. The city was without power to force others to bid, and we can think of no good reason why it should be compelled to forego a needed improvement when it has a reasonable bid to do same, fairly made at a public letting, legally advertised and open to all, simply because others did not bid.

We do not think appellants' contention is sustained by the language used in the statute, nor that it is required or even indicated by any supposed legislative intention, but are of the opinion that its requirements are met when the bidding is open to competition, and that a single bid may be legally accepted under such circumstances in the absence of collusion or fraud, and attended by no circumstances of unfairness.

2. *Were the plaintiffs released from liability under the contract for the reconstruction of said street by the failure of the contractor to file the contract and bond within thirty days prescribed by law?*

The facts upon which this contention by appellants is based are as follows: After the city by an ordinance had accepted appellee company's bid, and a contract and bond were prepared by the city solicitor, the contractor executed the contract and procured a bonding company as its surety to execute the bond, but through an oversight failed to deliver the executed contract and bond to the city within the thirty days required by law, and until after the work had been completed and accepted by the city. The failure to file the contract and bond within the proper time was then discovered, when same were permitted to be filed by the company, and were accepted by the city, upon the condition agreed to by the contractor and the bonding company, that they should

relate to and be binding from the time when they should have been filed.

Section 3100 of the Kentucky Statutes which is a part of charters of cities of the second class, provides in part as follows:

"Nor shall any error in the proceedings of the general council exempt any property  *   *   *  but the general council and the courts in which suits are pending shall make all corrections, rules and orders to do justice to all parties concerned."

Counsel for appellants argue that this failure to file the contract and bond in time was not an error of the general council, but was an error of the contractor, and that the provisions of Section 3100 of the Kentucky Statutes, quoted above, are therefore not applicable here, but in our judgment this was a mutual mistake, and as much the city's error as that of the contractor, and that said provision was intended to, and does cover just such an error as the one complained of.

Appellants do not claim that they, or any one else were or could be prejudiced by this mistake, and we are sure that their contention upon this ground is wholly untenable.

3. *Can appellants, after its acceptance, question the action of the city in accepting the work of the contractor upon the ground that same was not done according to specifications?*

Counsel for appellants do not cite any authority sustaining this contention, and it has been held in so many cases by this court that in the absence of fraud or collusion the city is the sole judge of whether or not a street has been constructed according to specifications, that we do not deem it necessary now to discuss that proposition, but shall content ourselves with the citation of the following Kentucky authorities: Kentucky Statutes, Section 3100; Lambert v. Thornberry, 153 Ky., 523; Allen v. Woods, 45 S. W., 106; Murray v. Tucker, 10 Bush, 240; Mudge v. Walker, 28 Ky. Law Rep., 996; Baldrick v. Gast, 79 S. W., 212, and Eversole v. Walsh, 76 S. W., 358.

Being of the opinion that the contract in this case was awarded and the work accepted thereunder by the city in substantial conformity with the law, with no prejudice shown to the rights of appellants or any one, it results that appellants, being in the possession of the bene-

fits accruing to them and their properties from the improvement, have not only failed to state a case entitling them to the intervention of equity to prevent them from being forced to pay their respective shares for the improvement, but have actually presented a case where it would be extremely inequitable to absolve them from such payments.

Wherefore, the judgment dismissing their petition is affirmed.