## FARR et al. v. WESTERN PAVING CO. et al.

No. 15332.—Opinion Filed Sept. 30, 1924.

(Syllabus.)

### Municipal Corporations — Street Improvements—Protest by Property Owners.

Chapter 173, Sess. Laws 1923, known as the Street Improvement Act, authorizes cities and incorporated towns in this state to improve the streets and alleys thereof, and section 5 of said act provides how owners of more than one-half in area of the land liable to assessment to pay for such improvements may defeat the same by a protest in writing by filing such protest with the clerk of the city or town within (15) days after the last publication of the necessity resolution, and further provides that, "After such protest has been filed the same shall not be altered or changed by the addition or withdrawal of any names thereon."

Held, that where property owners had signed a protest in writing against the improvement, and thereafter, but before the protest was filed with the clerk of the city, signed and filed a written withdrawal of their protest, such action was tantamount to not filing a protest in writing within 15 days after the last publication of the necessity resolution.

Error from Superior Court, Custer County; Thomas A. Edwards, Judge.

Action by Doane R. Farr et al. against the Western Paving Company et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

Phillips & Mills, for plaintiffs in error.

Henry F. Bulow, G. A. Paul, and A. Gray Gilmer, for defendants in error.

A. J. Welch, amicus curiae.

JOHNSON, J. The record discloses that on the 19th of February, 1924, the city engineer of the city of Clinton was directed by resolution to prepare plans, specifications, and estimates for the paving of—

"Sixth Street—from the north line of the alley between Frisco avenue and Grant avenue to the south line of the section fourteen (14) township twelve (12) north, range seventeen (17) west, in the city of Clinton" —and pursuant to such resolution the engineer submitted his estimates of such cost, together with plans and specifications, whereupon the board of city commissioners determined the necessity of such improvement by the passage of the resolution. This resolution, which is known as the resolution authorizing the property owners to protest such improvement, was published on February 21st and February 28th, 1924, in which and whereby the property owners liable for the cost of the improvements were permitted to file protests within 15 days from the date of the last publication, or until March 14, 1924. On the 10th day of March, 1924, there was filed in the office of the city clerk a protest against such improvements. Prior to March 10, 1924, certain persons whose names appeared on the protest directed the withdrawal of their names from the protest petitions. These persons, whose names appear in the record beginning at page 28 thereof and extending to page 37, were the owners of the property set forth and shown.

The city authorities determined that the protest filed was insufficient and enacted the resolution providing for the improvements, advertising for bids, and awarded the contract to the Western Paving Company, which was below the estimate of the engineer.

At page 56 of the record there appears the following stipulation:

"It is stipulated and agreed that the protests filed with the petition of March 10th are sufficient to result in the protesting out of the improvement, but that withdrawals filed between March 3rd and March 8th, when counted, will result in there being no sufficient protest."

The trial court rendered judgment in favor of the defendants, upon the record in this case, in effect, holding that the owners of the property subject to assessment had the right before the filing of their protests to withdraw from such protest before the same was filed with the city clerk. The plaintiffs in error, being aggrieved, filed this petition in error upon the following grounds:

"First. That the judgment of the superior court is contrary to law.

"Second. That the judgment of the said superior court is contrary to the evidence.

"Third. Errors of law in that the court overruled the motion for new trial."

The plaintiffs' prayer for judgment against the defendants was that they be enjoined and restrained from proceeding in any way in the work of said proposed paving or using materials or taking any steps whatever in the premises. At the conclusion of the hearing, which was upon an agreed statement of facts, the court rendered judgment denying the injunction, to reverse which judgment this proceeding was commenced.

Concerning the foregoing assignment of error, counsel for plaintiffs in error state in their brief as follows:

"There is but one question involved in this case and that is the construction to be placed upon section 5 of chapter 173 of the Session Laws of 1923, that portion of which reads as follows:

" 'After such protest has been filed the same shall not be altered or changed by the addition or withdrawal of any names thereon.'

"In the instant case it is conceded that numerous property owners signed the protest which was subsequently, and on March 10, 1924, filed with the city clerk. It is likewise conceded that at the time this protest was filed with the city there was on file with such city clerk the so-called withdrawals from such protest.

"It is the contention of the plaintiffs in error that in order to give jurisdiction to the city to order the improvements the first notice inviting protest must be given and that when a protest is filed within the time required by law that the city is deprived of jurisdiction to proceed with the improvements based upon the protest as filed, and that the city has no authority to go behind or back of such filed protest in order to determine whether or not it has the right to assume jurisdiction over the subject-matter of the improvements. If, as is provided by section 5, supra, the protest cannot be altered or changed by the addition or withdrawal of any names thereon, we take it that the proper construction to be placed upon that portion of the section is that the protest as filed shall control, and based upon this construction of the statute the city in this case was deprived of jurisdiction to order the improvements."

The record discloses the following stipulation:

"It is further stipulated and agreed between counsel that the persons D. G. Guthrie, C. A. Shields, G. R. Crisp, A. W. Koontz, W. I. Brannon, J. M. Murray, Tom J. Massey, Mrs. Clyde Moody and P. T. Shields filed these withdrawals of protest with the city clerk at the dates and times heretofore stated and never subsequently authorized the filing of the protest against the improvements by virtue of a protest filed March 10, 1924, and that each of them, if here, would so testify."

Concerning the validity of the statute and the stipulation as to the action of the protestants, supra, counsel for defendants in error state in their brief as follows:

"It is apparent that at the time the so-called protest was filed on March 10, 1924, it contained the unauthorized names of the persons mentioned in the above stipulation, and it is conceded that without such names the protest was wholly insufficient to constitute a majority in area protesting against the improvements.

"Section 5 of the Paving Act of 1923, unquestionably has for its purpose the finality of a protest. When a proper protest is filed from that time on the city loses jurisdiction to proceed with the improvements, and in order that such protest might not be changed, the Legislature of this state has emphatically declared that such protest shall not be altered or changed and there shall be no addition thereto or withdrawals therefrom after the same has been filed, but the filing of the protest determines the question once and for all of the city's jurisdiction over the improvements.

"But in the instant case no such situation appears. Evidently a protest was being circulated and the property owners mentioned concluded that they would protest the improvements. However, before the protest was filed, they changed their minds, which they had a right to do, and instead of drawing a line through or erasing their names from the document itself they placed themselves on record with the city authorities to the effect that they desired the improvements and asked the city to ignore an unfiled protest bearing their respective names.

"It is conceded in this case that when the protest of March 10th was filed with the city clerk there was on file at that very time and had been for from two to seven days the withdrawal from such protest of the persons named therein, and when the so-called protest was filed it could have had no more effect nor force than if the names of the property owners, who desired the improvements, had not signed the protest originally."

We think the foregoing argument of counsel for defendants in error is sound, and therefore approve the same.

The language of the statute is that **after the protest has been filed** there can be no withdrawals, but in the instant case the withdrawals took place before the protest

was filed, not after. This the property own-ers had a perfect right to do, but when they properly called the attention of the city authorities to their revocation of authority to enter protest, then the whole matter was with the city authorities, and they certainly had the right to respect the wishes of the persons withdrawing their objections to the improvement and authorize the passage of the resolution determining to proceed with the work.

We think the trial court properly denied the injunction, and the judgment is there-fore affirmed.

McNEILL, C. J., and NICHOLSON, HAR-RISON, BRANSON, and GORDON, JJ., concur.