## MISSOURI, K. & T. RY. CO. v. CITY OF TULSA et al.

No. 15156—Opinion Filed April 21, 1925.

Rehearing Denied June 23, 1925.

**1. Dedication—Highways—Use of Right of Way of Railroad for Street Crossing — Right to Revoke Dedication.**

A common carrier which dedicates a part of its right of way, in an addition to a city, as a street crossing for the use of the public, cannot withdraw the privilege after property has been acquired adjacent to and served by the street for which the crossing was dedicated.

**2. Same—Injunction Denied Railroad.**

Record examined; held, to be sufficient to support the judgment in favor of the defendant denying an injunction.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Missouri, Kansas & Texas Railway Company against the City of Tulsa et al., to enjoin trespass upon its right of way in an addition to the City of Tulsa. Judgment for the defendants. Plaintiff brings error. Affirmed.

M. D. Green and H. L. Smith, for plaintiff in error.

I. J. Underwood, Harry Halley, and R. C. Allen, for defendants in error.

Opinion by STEPHENSON, C. The railroad company commenced its action in the district court of Tulsa county to enjoin the employes of the city and contractors from going upon its right of way to grade and pave the street over the railroad's right of way. The trial of the cause resulted in judgment for the defendants, and against the plaintiff. The plaintiff has appealed the cause and assigns several of the proceedings had in the trial of the cause as error for reversal here.

The plaintiff alleged for its cause of action in substance: That it owned and used for right of way purposes the land on which Maybelle avenue abuts on the

south, and also the right of way on which the street abuts on the north; that the city had neither condemned nor acquired the right of way for the crossing of Maybelle avenue; that the city of Tulsa had created a paving district which included Maybelle avenue, on the south, the avenue abutting the right of way on the north and also the right of way of the plaintiff between the two abutting streets; that the city and its contractors had gone on to the right of way of the defendant and were grading, excavating, and preparing to pave the street across the right of way of this plaintiff, without the authority and consent of the plaintiff.

The prayer for relief on the part of the plaintiff was: First, that the city of Tulsa and its contractors and employes be enjoined from trespassing upon the right of way and premises of the plaintiff adjacent to and between the abutting streets in question; second, that the city of Tulsa be enjoined from charging the cost of the paving against the property of this plaintiff.

The plaintiff makes the point that the city of Tulsa was without authority to take the property of this plaintiff, except by condemnation proceedings in the way and manner provided by the law of eminent domain, and that the right to exercise the law of eminent domain by the city is dependent upon the defendant compensating the plaintiff for the reasonable value of the property acquired by condemnation proceedings. The plaintiff asserts that the taking of its property by the city of Tulsa in any other manner is in violation of the Constitution of the state and also the federal Constitution.

The propositions of law urged by the plaintiff in this respect are sound. The city of Tulsa is without right to acquire and take the property of the plaintiff, except in the manner provided by law, and any other manner of taking the property of the plaintiff, over the protest of the latter, would violate the constitutional provisions to which the plaintiff has made reference.

The plaintiff makes the further point that the statutes of Oklahoma repose in the Corporation Commission the jurisdiction of declaring the necessity for public road and street crossings over its right of way, and that the right to declare the necessity for opening up street crossings over its right of way does not repose in the city. The conclusion of the plaintiff in this respect is also sound.

The undisputed, material facts present a different question from that made by the plaintiff.

Maybelle avenue approaches the right of way of the plaintiff from the south. It appears that another street abuts the right of way of the plaintiff on the north and is situated about 60 feet east of the point where Maybelle avenue abuts the property on the south. These streets are located in what is known as Owen addition, which was platted and made a part of the city of Tulsa in about the year 1906. The plaintiff placed a crossing sign upon its right of way where Maybelle avenue abuts the property on the south; the general public in using the street crossing traveled north on and across the right of way to the abutting street designated as Guthrie avenue. The railroad crossing sign so placed by the plaintiff on its right of way at the place where Maybelle avenue abuts its right of way was an invitation to the general public to use its right of way as a street crossing as fully and completely as if the plaintiff had dedicated the property to the purpose by a formal declaration in writing. The public has continued to use the street crossing in the same manner as it would use any other street crossing over the right of way of the plaintiff. The people have acquired lots in Owen addition and adjacent to Maybelle avenue on the south and Guthrie avenue on the north since the dedication of the right of way as a street crossing. The street and crossing have furnished the means of ingress and egress to the property so acquired and adjacent to the streets since the dedication about the year 1907. People were led to believe by the railroad crossing sign in purchasing lots and real estate adjacent to these streets that they would be afforded full and complete use of the particular crossing in going to and from their property.

The city of Tulsa and the railroad entered into negotiations some four or five years ago whereby it was mutually agreed that certain crossings should be closed in this neighborhood, and that an underpass would be made by the railroad over a certain crossing, and an overhead crossing over another street. The city of Tulsa, for these considerations, agreed with the plaintiff that it would not open any street crossings over the right of way of the plaintiff between Union avenue and Maybelle avenue. It is likely that the presence and use of Maybelle avenue street crossing induced, to a great extent, the persons formerly using Nogles and Rosedale avenue street crossings to consent to the closing of the crossings on the two latter streets. The plaintiff recognized Maybelle avenue as a street crossing in the written contract entered into between it and

the city of Tulsa in relation to the passage of the ordinance closing the streets in question.

It is true that the question of declaring the necessity for a street crossing reposes in the Corporation Commission, but the railroad may voluntarily admit the necessity for the crossing by opening its right of way to the public for a street crossing. The act of admitting the necessity for the dedication of the right of way for use as a street crossing clothes the city with authority to go on the property to improve and maintain the crossing and street. The plaintiff makes the point that Maybelle avenue crossing is on a down grade on both sides of the right of way, and that such condition would make this an unsafe and dangerous crossing. It may be that the Corporation Commission would have reached this conclusion in the first instance, and that such conclusion would have been affirmed by this court. But the railroad voluntarily acknowledged the necessity and accepted the burdens that may be attendant upon the use of the crossing by dedicating that portion of its right of way as a public street crossing. The placing of the road crossing sign at this place and the continued acquiescence by the plaintiff in the use of that portion of its right of way as a public street crossing since 1907 amounted to a dedication. The carrier must continue to discharge the obligations voluntarily assumed by it, even though the nature of the crossing may cast extra burdens on the plaintiff, until it is relieved of the charge by a tribunal of competent jurisdiction.

The question of the dangers of the use of the right of way as a crossing is not now open to question. The railroad voluntarily dedicated the property to the use and has permitted the continuance of the use until people have acquired lots and buildings adjacent to and served by the streets. The railroad company has acquiesced in closing street crossings adjacent to Maybelle avenue and has entered into negotiations bringing about the closing of such crossings in the neighborhood. The public and owners of property adjacent to the closed street crossings, no doubt, relied upon using Maybelle avenue crossing after the other street crossings were closed. A common carrier cannot withdraw a dedication of its right of way as a street crossing for the general use of the public, after people have acquired adjacent property which is served by the street. It would not be equitable to permit a common carrier to dedicate its right of way as a street crossing for general use by the public, and withdraw this dedication af-

ter people have acquired property adjacent to and served by the street as a means of ingress and egress to the property.

The carrier who dedicates its property voluntarily for the general use of the public, as a street crossing, will not be permitted to withdraw the dedication after rights of third parties have attached in the property served by the street and crossing over the carrier's right of way. Larson v. C., M. & St. P. Ry. Co. (S. D.) 103 N. W. 35; Pittsburgh, C. C. & St. L. Ry. Co. v. Crown Point (Ind.) 50 N. E. 741; C., C. C. & St. L. Ry. Co. v. Christy (Ind.) 100 N. E. 299; L. & N. R. Co. v. Sonne (Ky.) 53 S. W. 274; So. Ind. Ry. Co. v. Norman (Ind.) 74 N. E. 896.

The plaintiff makes the further point that the city will travel in a northeasterly direction, in the extension of Maybelle avenue so as to intersect Guthrie avenue. It is the contention of the plaintiff, apparently, that the city is without right to extend Maybelle avenue from the south over the street crossing, other than in a straight course to the north. We think this is not material. The city is using that portion of the right of way which was voluntarily dedicated as a street crossing by the railroad. The city may make the improvement and extend the street north of the right of way in such manner and in the direction it may conclude will best serve the needs of the public and adjacent property owners, Gillespie v. Duling (Ind.) 83 N. E. 728.

The questions of the need for the paving in this vicinity and the reasonableness of the charge that may be assessed against the plaintiff are not questions for consideration in this appeal. The law in relation to paving projects furnishes an adequate, legal remedy for aggrieved property owners. Therefore, these questions are not proper in the consideration of this appeal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 43, § 15; p. 119, par. 148. (2) 4 C. J. p. 1129, § 3122.