**ROBERTS et al. v. CITY OF SAPULPA et al.**

No. 15866—Opinion Filed Nov. 24, 1925.

Rehearing Denied Jan. 12, 1926.

**1. Municipal Corporations—Public Improvements—Effect of Protest.**

It seems to be the general law that the filing of protests against an improvement in a city is sufficient to put an end to the power of the city authorities to proceed with the improvements against which the protests were filed.

**2. Same—Sufficiency of Resolution of Necessity—Power to Let Contract.**

Although a necessity resolution preparatory to making a paving contract may be defective in detail, if the same is published, as provided by the statute, and is sufficient to give the property owners notice, such resolution or ordinance is sufficient to give the city authorities jurisdiction and power to make a valid and binding contract for the building of a sewer or street.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by G. H. Roberts et al. against the City of Sapulpa and its officers, praying for an injunction to prevent the City of Sapulpa and its officers from paving and guttering certain portions of McLeod avenue in said city. Judgment for defendant and against the plaintiffs, denying the injunction, from which judgment the plaintiffs have appealed to this court. Affirmed.

John R. Miller, for plaintiffs in error.

F. E. Murrell, City Atty., G. A. Paul, and A. Gray Gilmer, for defendants in error.

Opinion by MAXEY, C. This action was instituted in the district court of Creek county on the 19th day of April, 1924; the petition reciting that the plaintiffs are the owners of property abutting the improvement on street improvement district No. 63, the same being East McLeod avenue, from the east line of Division street to the east line of Adams street, which street the commissioners of the city of Sapulpa were contemplating paving, as alleged, in violation of law. The petition recites that by proceedings had more than six months prior thereto for the paving of East McLeod avenue from the east line of Division street to the west line of Adams street, the owners of more than one-half in area liable to assessment to pay for such improvements filed their protest against the same on August 25, 1923; that the protest was filed at a former meeting, and the engineer reported to the commissioners that the protest was sufficient; that no further steps were taken towards the paving of said street, but on March 3, 1924, the city of Sapulpa passed a necessity resolution covering the same streets as were included in the former resolution, which had been protested. The property owners included in the last resolution of August 3 filed their protest and objection against the paving of the street under the second resolution, but failed to get enough protests, and afterwards commenced this proceeding to enjoin the city of Sapulpa and its officers from paving said street. Under the resolution of March 3, 1924, this protest was held insufficient, and

the court instead of granting a temporary injunction set the case down for trial, and after hearing, the court denied the application for a temporary injunction, and from the order denying the injunction this appeal is taken.

There are five assignments of error in the petition in error, but counsel has grouped said five assignments of error under three heads. First. That it was necessary for the city commissioners, as the governing body of the city of Sapulpa, to determine that the paving resolution of August 6, 1923, had been sufficiently protested, and that their records should show the fact. That under section 5, ch. 173, Session Laws 1923, the city commissioners were prohibited from passing another paving resolution until six months after they had determined the previous resolution had been protested, and their minutes should show such a determination. Second. That the resolution of March 3, 1924, does not comply with the statute. Third. That the court erred in overruling plaintiffs' motion for a new trial.

Counsel cite section 5, ch. 173, Session Laws 1923, or such part thereof as he contends is applicable to the question here involved. The part of said section cited reads as follows:

"* * * Such notice shall provide that if the owners of more than one-half in area of the land liable to assessment to pay for such improvement shall not within (15) days after the last publication of such resolution file with the clerk of said city or with the clerk of said incorporated town their protest in writing against such improvements. * * * Provided, that after the same shall have been protested by the owners of more than 50 per cent. of the land liable to assessment, the governing body of said city or town shall not advertise the same again for a period of six months, except upon petitions as hereinafter provided."

There is no question but what the first paving resolution of August 6, 1923, was sufficiently protested and so reported by the engineer, and the commissioners seem to have taken that as a fact and abandoned all proceedings to pave under said resolution. We are inclined to think that their action in this matter was all that was necessary for them to do. A declaring of the protest sufficient would have had the effect of stopping all proceedings under said resolution, and that is all the effect it would have, and after the commissioners accepted the report of the engineer and acted on it, we do not think it was necessary to go through the formality of declaring the protest sufficient; and the second resolution proposed March 3, 1924, was more than six months after the first resolution was protested down.

In Sharum v. City of Muskogee, 43 Okla. 22, 141 Pac. 22, Justice Kane used this language:

"It seems to be conceded that generally the filing of the protest is sufficient to put an end to the power of the city authorities to proceed with the part of the improvements against which the protest was filed."

And in the case of Farr et al. v. Western Paving Co. et al., 107 Okla. 36, 229 Pac. 411, this court has stated that the filing of the protest with the city clerk governs the question of jurisdiction of the city to proceed with the improvement. 2 Dillon on Municipal Corporations (4th Ed.) section 800, is as follows:

"Where the power to pave or improve depends upon the assent or petition of a given number or proportion of the proprietors to be affected, this fact is jurisdictional and the finding of the city authorities or council that the requisite number has assented or petitioned is not conclusive. The want of such assent makes the whole proceedings void."

We think the foregoing authorities are sufficient to answer the contention that it was necessary for the commissioners to declare the protest sufficient.

The second proposition is, that the resolution of March 3, 1924, does not comply with the statute. The objection to this resolution says if the owner of more than one-half in area of the ground liable to assessment for the cost of these improvements shall not within 15 days file protest, etc.

It is contended that the words used in this act of 1923 are "pay for" instead of the words "cost of". Counsel for plaintiffs in error then attempt to draw the distinction between the words "cost of" and "pay for", and cite a number of authorities from other states, which it is contended support their theory that using the words "cost of" instead of "pay for" renders the resolution void. We cannot agree with this contention. This court in a very recent case of City of Bartlesville et al. v. Keeler et al., 107 Okla. 14, 229 Pac. 450, says:

"Although it may be defective in detail, if the same is published as provided by the statute and is sufficient to give the property owners notice. * * * such resolution (ordinance) is sufficient to give the city authorities jurisdiction and power to make a valid and binding contract for the building of the sewer."

Again in the same case, the court used the following language:

"Where an ordinance is passed by the legislative body of the municipality, and shows on its face the plain intention to carry out the provisions of the statute relative to the construction of a district sewer, although it may be defective in detail, if the same is published, as provided by the statute, and is sufficient to give the property owners notice that a district sewer is to be constructed and will be constructed unless the statutory per cent. of proprietors located in the district protest against the same, and no protests are filed, but the sewer is constructed without objection by the property owners, such ordinance is sufficient to give the city authorities jurisdiction and power to make a valid and binding contract for building the sewer."

The resolution complained of in this case was adopted by the legislative body of Sapulpa. To our mind, it shows on its face that it was the intention of that body to carry out the provisions of the statute relative to the paving and otherwise improving a portion of McLeod avenue. There is no complaint but what the resolutions were published as provided by law, and though the verbiage used in said resolution may not be literally in the language of the statute, we think that it is sufficient to give the property owner notice that the improvement in question was in contemplation and would be made unless a sufficient protest was filed within the statutory period.

Another recent case from this court is the case of City of Tulsa v. Weston et al., 102 Okla. 222, 229 Pac. 108, where the court had under consideration the question of what was properly included in the cost of paving and otherwise improving the streets there involved. In determining this question, this court held that the cost of said improvement included an item of five per cent. engineering fees, 15 per cent. market discount on the tax bills, and printing and advertising expenses, and on page 240 of the report of this case (pages 124, 125, Pac. Rep.) this court cites with approval the following statement from 28 Cyc. 1153:

"All expenses necessarily incident to the making of improvements may be included in the assessment: that is, the cost of service, and of preliminary proceedings, the expenses of levying the assessment, etc., are proper items to be included."

These two cases, being most recent expressions of this court on the question herein involved, are conclusive on the court in this case. We think this case comes clearly within the questions discussed in those two cases. The judgment of the trial court denying the injunction is sustained.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 989. (2) 28 Cyc. p. 1135.