## WHITE v. CITY OF PAWHUSKA et al.

No. 17893.   Opinion Filed Feb. 21, 1928.

Rehearing Denied April 10, 1928.

(Syllabus.)

1. **Municipal Corporations—Street Improvements—Resolution of Necessity.**

Where city council, desiring to grade and pave certain streets, under chapter 173, S. L. 1923, page 278 (providing that it may be done whenever the public necessity may require it), regularly adopts a necessity resolution, declaring that it is necessary to grade and pave said streets, it complies with the act, and an objection that the words "public necessity" are not used is without merit.   (See section 5 of the Act, supra.)

2. **Same—Definition of "Necessity."**

The word "necessity" in connection with condemnation proceedings does not mean an absolute but only a reasonable necessity, such as would combine the greatest benefit to the public with the least inconvenience and expense to the condemning party and property owner consistent with such benefit.

3. **Same—Regularity of Proceedings to Support Special Assessments—Injunction by Lot Owner not Available.**

Where a necessity resolution proper in substance and in form is passed by city council, and legal advertisement thereof made as required, under chapter 173, S. L. 1923, the council is clothed with legislative function to determine the necessity for the improvement and empowered to take the necessary steps to complete the same and levy assessments for the same; and, in absence of majority protest, jurisdiction being present, and the council having acted in the premises, action will not be reviewed here in a suit for injunction at the instance of a lot owner

whose property was assessed, in the absence of fraud or oppression.

## 4. Same—"Lowest and Best" Bidder Where Only Two.

Under the paving act, supra, one may be legally the "lowest and best" bidder even where there are only two bidders—grammar to the contrary notwithstanding.

## 5. Same—Judgment Dismissing Injunction Suit Sustained.

Evidence examined; held, that the action of the court in sustaining defendants' demurrer to the evidence and in denying injunction and dismissing the action was without error.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by H. P. White against the City of Pawhuska and the city council et al., for injunction to restrain the levy and collection of special assessments against real estate for special improvements. Injunction denied. Plaintiff appeals. Affirmed.

H. P. White, for plaintiff in error.

Wilson, Murphey & Duncan and Allen, Underwood & Smith, for defendants in error.

BENNETT, C. This was a civil action filed in the district court of Osage county by plaintiff in error, H. P. White, against the city of Pawhuska, C. S. MacDonald, A. F. Stephenson, P. O. Sill, J. H. DeRoche and C. H. Gilbert, commissioners of the city of Pawhuska, and C. M. Hirt, city clerk, defendants in error, seeking an injunction against collection or enforcement of certain special assessments against property of plaintiff in error described as lots 11 and 12, in block 7, in the original town site of Pawhuska. It was sought also to prevent the issuing of any bonds or tax warrants chargeable against said property by reason of improvements thereon hereinafter set out. Parties will be designated as they appeared below.

At the conclusion of the plaintiff's case in chief, a demurrer was interposed by defendants, upon consideration of which the contention of defendants was sustained, injunction denied, and cause dismissed, and this case is brought here for review.

The petition is in the usual form, alleging that plaintiff is owner of above described real estate; that said lots are within improvement district No. 34, which comprises that portion of Revard avenue from north side of Eleventh street to north side of Palmer Highland addition; that on June 29, 1925, the city engineer of Pawhuska filed final estimate of total cost of paving and otherwise improving said district, and that the governing body of said city passed a resolution appointing appraisers to appraise and apportion benefits accruing to property in said paving district by reason of said improvements, and that thereafter said appraisers, after taking oath, filed their report and appraisement, but before the grading, paving and other improvements had been completed, and that thereafter, on July 27, 1925, the plaintiff filed his protest and asked leave to produce witnesses as to the manner of making said appraisement, but was refused. That on said last-named date, the governing body of said city passed a resolution approving, accepting and adopting said report of said appraisers while the work was yet incomplete; that on August 17, 1925, the city commissioners passed an assessing ordinance purporting to levy and assess $546.36 against lot 11 and $668.60 against lot 12, and thereafter on August 21, 1925, published the same in a newspaper in Pawhuska, Osage county, and that by the passing of said assessing ordinance the property of plaintiff is charged and assessed with the sum of $1,214.96; that the said assessment and levy is void for want of jurisdiction in said city to order the same, in that there was no public necessity requiring such improvements; that no resolution was passed, approved or adopted declaring that such public necessity existed in manner and form as required by law; further, that prior to the letting of a purported contract for making of improvements aforesaid, plaintiff filed in district court of Osage county action No. 9576 against the same defendants to enjoin the acceptance of the bid and the letting of the contract for improving said district; that a temporary restraining order was issued, which was, upon application of defendants, thereafter dissolved, whereupon the cause was carried to Supreme Court of the state (White v. City of Pawhuska, 113 Okla. 270, 239 Pac. 578, dismissed as involving moot question), and that defendants had notice of pendency of such cause at all times; that plaintiff is without adequate remedy at law, and that the action of defendants is illegal.

For answer the defendants filed a general denial. Upon trial of the case, after evidence taken on behalf of plaintiff, the demurrer of defendants was sustained. The motion for new trial sets up four grounds. The same are carried forward in the brief as assignments of error. There was introduced in evidence Exhibit "A," which is a

paving resolution, also Exhibit "B," paving resolution No. 2, also Exhibit "C." It is not necessary to copy the full text of these resolutions, but same will be quoted from hereinafter. It was testified by Mr. C. M. Hirt, city clerk, that Exhibits "A," "B" and "C" were the only preparatory resolutions passed leading up to contract for paving. Proof of publication of paving resolution No. 2 was offered in evidence as Exhibit "D." There was offered in evidence also the written protest of plaintiff as Exhibit 1, setting forth the same contentions made in plaintiff's brief, and in addition setting out the manner of awarding the bid for the construction of the improvement and also a statement of the estimated damages accruing to the property by reason of such improvements.

J. M. Buckley, city engineer, testified that he had been city engineer since 1910; he describes location of paving district No. 34. This testimony is pertinent only in fixing location of the improvement in order that the court might observe upon its own account the necessity for this improvement, and also what part of the city might be served thereby, and the accessibility of other improvements of like character leading into and out of the city within the same neighborhood. W. E. McGuire, a witness, testified that, considering the cost, he did not think the improvement was necessary; that it was not a public necessity in his opinion; that he thought the cost would outweigh the necessity. A. C. Seeley, a witness, testified that he was one of the appraisers; that all of the grading had not been done at the time he was on the premises for the purpose of making the assessments; that the city engineer furnished a statement of the amount to be charged against each block and a statement of the costs of said improvement to each particular quarter block, and that, in effect, they accepted the statement of the engineer as to what should be assessed against each quarter block.

Plaintiff testified that he was a practicing attorney; that he appeared before the board of commissioners of the city of Pawhuska, sitting as a board of review, on July 27, 1925, and, in addition to filing a written protest, requested leave to present witnesses before the commission and to have a hearing before the commission on the appraisement that had been rendered by the board of appraisers, and to make a record of such hearing, but the same was denied. On cross-examination he testified as follows:

"A. What I wanted to do was to bring the appraisers before the commission, before the board, and show what they did in the matter of making the appraisement. Q. That's substantially what you have done before this court; you wanted to show that before the city commissioners, by the appraisers themselves, what you have shown before this court by those appraisers? A. Yes. My object was that I wanted to present them in person and make a record. Q. Mr. White, what you wanted to show by these appraisers was substantially what the court permitted you to show here by these men here this morning? A. Yes, substantially; yes."

In the plaintiff's brief his first assignment argued is:

Said court erred in sustaining the demurrer of defendants in error to the evidence of plaintiff in error.

His contentions are: First, that under chapter 173, Session Laws 1923, p. 278, cities and towns can acquire jurisdiction to grade and pave streets only:

"When the public necessity may require such improvements; second, before an incorporated city or town can acquire jurisdiction to improve streets by grading and paving, there must, in fact, exist a public necessity requiring such improvements; third, that the council must determine that a public necessity exists requiring such improvement, and must pass and publish a resolution to that effect; fourth, the special tax charged against said property cannot exceed the benefits accruing to said property by reason of such improvements; and that the respective amounts representing the improvements and benefits should be determined; and, fifth, that appraisals and assessments of benefits cannot be determined prior to the completion of the grading and underground connections."

Plaintiff cites section 4583, C. O. S. 1921, which provides, in substance, that improvements may be made by the city council whenever in their judgment the public convenience may require such improvements, and he refers also to the amendment, Session Laws 1923, p. 278, ch. 173 (House Bill No. 189), which, in substance, provides that such improvement may be made by the council whenever the public necessity may require such improvements. His argument proceeds that, under the former act, the making of the improvements might depend upon public convenience as determined by the judgment of the board, but under the latter act the making of the improvements was dependent not upon public convenience, but upon public necessity. Plaintiff quotes 3 Bouvier's Law Dictionary, 2310:

"Necessity: That which makes the contrary thing impossible."

This definition of "necessity," as applied to condemnation proceedings, is not supported by reason or authority. "Public necessity," as defined by vol. 4, Words & Phrases, is as follows:

"The word 'necessity,' in connection with condemnation proceedings, does not mean an absolute, but only a reasonable, necessity such as would combine the greatest benefit to the public with the least inconvenience and expense to the condemning party and property owner consistent with such benefit. * * * The word 'necessity,' in such instance, must be construed to mean expedient, reasonably convenient, or useful to the public, and cannot be limited to the absolute physical necessity." (Citing Warden v. Madisonville, H. & E. R. Co., 108 S. W. 880, 881, 128 Ky. 563; Aurora & G. Ry. Co. v. Harvey, 53 N. E. 331, 178 Ill. 477. To the same purpose, see Gilmer v. Lime Point, 18 Cal. 229, 250; City of Memphis v. Hastings [Tenn.] 86 S. W. 609; Greasy Creek Mineral Co. v. Ely Jellico Coal Co., 116 S. W. 1189, 132 Ky. 692).

Plaintiff's third ground of protest was that there was a want of jurisdiction to grade or pave streets and charge the cost thereof to the abutting or adjacent property as a special tax, and that the governing body must determine that a public necessity exists requiring such improvements, and **must pass a resolution declaring that a public necessity exists requiring such improvements.** From an examination of the record it seems that plaintiff's objection is based upon the fact that the resolution of necessity did not contain the word **"public,"** and therefore the city of Pawhuska acquired no jurisdiction to proceed with paving improvements. He cites no authority to sustain this argument. The paving resolution No. 2 marked Exhibit "B" was introduced in evidence by the plaintiff, and the title reads as follows:

"A resolution adopting plans, specifications and estimates of costs, and declaring the necessity for the paving of street improvement No. 34, same being Revard avenue, from the north line of Eleventh street in the original town site of Pawhuska, to the north line of blocks No. 1 and 2 of the Palmer Highland addition to Pawhuska. * * *"

The second paragraph of this resolution contains these words:

**"That it is necessary to pave Revard avenue, from the north line of Eleventh street in the original town site of Pawhuska, to the north line of blocks No. 1 and 2 of the Palmer Highland addition to Pawhuska * * *"**

—and further providing for the publication of the same.

Section 5 of the 1923 Paving Code (chap. 173, Session Laws 1923), makes specific provision for the resolution of necessity, and is as follows:

"Section 5. Necessity Resolution. Upon the filing of said plans, profiles, specifications and estimates with the clerk, the governing body of any city or incorporated town shall examine the same and if found satisfactory, shall, by resolution, adopt and approve the same, **and declare such work or improvement necessary to be done. * * *"**

The section further provides for the publication of the resolution giving the owners of the lands to be affected thereby opportunity to protest, and that upon protest by owners of more than one-half the area of land liable to assessment, "the governing body * * * shall not advertise the same again * * * except," etc. No such majority protest was filed in the instant case. It will be observed that the statutory requirement with reference to the resolution of necessity as shown by section 5 was literally complied with. But even a literal compliance was not necessary. A substantial compliance meets the requirement. Considerable authority is found for the holding that ordering an improvement is in legal effect a declaration that it is necessary. Rector Trinity Church v. Higgins, 27 N. Y. Super. Ct. 1; vol. 2, Page & Jones, Taxation by Assessments, par. 832; Newman v. City of Emporia, 32 Kan. 456, 4 Pac. 815; Spaulding v. Baxter, 25 Ind. App. 485, 58 N. E. 551. Other cases of like import are cited under par. 832 of Page & Jones, supra. The same question has been directly passed on by our state in Oliver v. Pickett, 79 Okla. 315, 193 Pac. 526. To like effect Bartlesville v. Keeler, 107 Okla. 14, 229 Pac. 450. In the case of Roberts v. City of Sapulpa, 115 Okla. 243, 242 Pac. 553, the syllabus is as follows:

"Although a necessity resolution preparatory to making a paving contract may be defective in detail, if the same is published, as provided by the statute, and is sufficient to give the property owners notice, such resolution or ordinance is sufficient to give the city authorities jurisdiction and power to make a valid and binding contract for the building of a sewer or street."

Other cases of like holding might be cited. Plaintiff next contends that no public necessity for the paving **actually existed,** and introduced two witnesses whose opinion supported this contention. The city authorities of Pawhuska were vested with a legislative

function for the purpose of determining this question. Under the 1923 Paving Code, they are given exclusive jurisdiction in the absence of a majority protest (not made in this case), and when it appears that they have acted, jurisdiction being present, their action will not be reviewed here in the absence of fraud or oppression. It appears that plaintiff's witnesses were very guarded in their testimony—detailing no facts—but simply voicing the conclusion that, considering the cost, the improvement was not a necessity. The record shows that there are about 200 lots in this improvement district; that plaintiff owns four of these lots, and that he is the sole remonstrant against this enterprise. It would not be consistent to overturn the official act of the city providing for improvement of its streets in the absence of showing of fraud or oppression or the lack of jurisdiction. To do so would permit public improvements to be blocked and progress would be made impossible. Crawford v. Cassity, 78 Okla. 261, 190 Pac. 412; Kerker v. Bocher, 20 Okla. 729, 95 Pac. 981; M., K. & T. Ry. Co. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398; M., K. & T. Ry. Co. v. City of Tulsa, 110 Okla. 204, 238 Pac. 452.

Next plaintiff contends that he introduced evidence of damages to his property caused by the change in grade and the expense of constructing a sidewalk to conform to the new grade. No evidence was introduced to show whether or not there had previously been a grade established on Revard avenue. But, at any rate, plaintiff cannot assert his claim for damage as a ground for injunctive relief, whatever claim he may have against the city. It has been held by this court in Rawlins v. Warner-Quinlan Asphalt Co., 70 Okla. 309, 174 Pac. 526, that evidence to show that the cost of improvement exceeds the benefits is not admissible, and that:

"Whether or not such property is in fact so benefited is a legislative question, and, having been determined by the Legislature (of the city) is not open to judicial inquiry." Oklahoma City v. Shields, 22 Okla. 265, 100 Pac. 559: M., K & T. Ry. Co. v. Tulsa, 45 Okla. 382, 145 Pac. 398; French v. Barber Asphalt Co., 181 U. S. 324, 45 L. Ed. 879.

Plaintiff in his written protest made claim against the city of Pawhuska for a concrete retaining wall, the cost of the sidewalk, and for damages to his property by reason of the change in grade. We think this is not a proper proceeding in which to assert, even if he had a right to assert,

these claims, since the relief he sought is an injunction, and in no sense an action for damages against the city.

Section 2, Paving Code, supra, provides:

"No change of any grade * * * shall be made without making due compensation; * * * provided, however, that the failure to make such compensation shall in no wise invalidate such assessments. * * *"

Plaintiff submits no authority on this phase of his case.

He next contends that section 10 of the Act of March 10, 1923, supra, provides that the governing body of the city shall "award the contract to the lowest and best bidder." Plaintiff alleges that there were two bids, one by Lawrence & McSpadden and one by Tibbetts & Pleasant, Inc.; that the first bidder's offer was in excess of the estimate of costs submitted by the engineer, and that the bid of Tibbetts & Pleasant was not the lowest and best bid within the meaning of the law. Plaintiff's reasoning is that since there were only two bids, there could be no lowest and best bid by reason of the fact that these adjectives are in the superlative degree. This would seem to us to be a question of grammar, rather than of law, and as a matter of grammar he could find abundant authorities, but as a question of law the authorities are the other way. Hager v. Melton, 66 W. Va. 62, 66 S. E. 13; Denton v. Carey-Reed Co., 169 Ky. 54, 183 S. W. 262; Meyers v. Wood, 173 Mo. App. 564, 158 S. W. 909. Where the statutory provision requires that the contract be awarded to the lowest bidder, no one, in the absence of proof of fraud or oppression, can make the objection. Gantenbine v. City of Pasco, 71 Wash. 635, 129 Pac. 374; Stern v. Spokane, 60 Wash. 325, 111 Pac. 231.

It is brought to our attention that the formal protest filed by plaintiff before the council was introduced in evidence by defendants, and therefore they are bound by all statements and claims set out therein. We cannot adopt this reasoning. It is true that the protest was introduced, during the examination of plaintiff's witnesses, by defendants; for what purpose it is not disclosed, but presumably to show that plaintiff had actual knowledge of the proceedings to improve the district, but, regardless of the purpose, it had only such probative value as the court, in its wisdom, chose to give it. This protest was also before the council, and they, no doubt, gave it such consideration and probative force as under their judgment it was entitled to. Never-

heless, the council first, and later the court, disallowed the protest, and we think their action in the premises should be upheld. Since we have held that the council had jurisdiction, that their finding, in the absence of fraud or oppression, was conclusive, that this is not a proper proceeding in which to determine whether or not the plaintiff has a valid claim against Pawuska, and since we have held that the proceedings are regular, it seems to us such document is entitled to very little, if any, probative weight.

The next point argued is that the appraisement of benefits was premature. Mr. eeley, plaintiff's witness, testified that the grading had not been entirely completed when he made inspection of properties for the purpose of appraisement and apportioning benefits. There is no showing by plaintiff that he suffered any loss thereby, nor that there was any fraud or abuse of power. With no other proof this court is unable to say that plaintiff was prejudiced. The levying of assessments is legislative in character, and in the absence of fraud or oppression the action of the council in exercising their proper function is not open to review. The power of the city to make the assessments and the regularity of the procedure seems clear. This was directly passed on in Goodholm & Sparrow Inv. Co. . Cleveland Trinidad Paving Co., 48 Okla. 8, 150 Pac. 109, the first paragraph of the syllabus reading as follows:

"**Municipal Corporations—Benefit Assessments—Validity.** Benefit assessments made against adjoining property in the manner provided in article 5, c. 14, Snyder's Comp. Laws 1909, are not void because the improvement had not been completed and accepted prior to the time of making assessments."

Plaintiff cites no authority sustaining his contention on this point.

Plaintiff's assignment of error No. 4 is:

"Said court erred in excluding competent, relevant and material evidence, offered by he plaintiff therein. * * *"

This is based upon the following question asked Mr. Carrol, one of the appraisers:

"Q. Now, if those lots had been improved, say with a $25,000 building, and the real estate there, including the building and the lot, were worth say $30,000 instead of the value of the vacant lot, would this appraisement and assessment made in your report have been the same?"

Somehow we are not able to see what light would have been furnished by any answer that the witness could have made to this question. The question is speculative, theoretical and argumentative. It is not shown, nor even contended that the lots were improved as suggested in the question, and the opinion of the witness upon a purely hypothetical statement of facts as to improvements which might never exist should not furnish the ground for overturning the action of the city authorities in levying a specific assessment for public improvements, and especially since there is no allegation of fraud or oppression. M., K. & T. Ry. Co. v. City of Tulsa, 110 Okla. 204, 238 Pac. 452; City of Bartlesville v. Keeler, supra; Kerker v. Bocher, supra. It should be noted further that when the court sustained objection to this question, plaintiff made no showing as to what the answer of the witness would have been. This is required under the holdings in many Oklahoma cases. Allan v. Terrill, 126 Okla. 251, 259 Pac. 268, and numerous cases therein cited.

Under the proof in this case, the court concludes that the Pawhuska authorities substantially followed the law in the making of these improvements; that the same were in fact installed and completed in good faith for the purpose of benefiting the city and the public at large and incidentally the plaintiff's property.

Having held that the city acquired jurisdiction by the preliminary proceedings taken to make the improvement, and the same having been completed in good faith and no substantial prejudice having been shown as against the plaintiff, and considerable improvements having been made along the streets paved which formerly traversed vacant territory, we see no special reason for equitable interference in the absence of fraud or oppression. We have examined carefully the record and the evidence, and we hold that the action of the trial court in sustaining the defendants' demurrer and the denial of the injunction to plaintiff is not error, and that said action should be and the same is in all respects affirmed.

DIFFENDAFFER, FOSTER, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 978; 25 R. C. L. pp. 154, 155. (2) 20 C. J. p. 631, §114. (3) 28 Cyc. p. 1185. (4) 28 Cyc., p. 1031; 19 R. C. L. p. 1068. (5) 4 C. J. p. 1129, §3122.