[No. 15432.    Department One.—March 14, 1894.]

JULIA V. STEWART ET AL., PETITIONERS, *v.* THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, RESPONDENT.

WRIT OF REVIEW—DEMURRER—PRACTICE—RULE OF SUPREME COURT.— The manifest object of rule 26 of this court, providing that if the return to an alternative writ be by demurrer alone, the writ will be ordered to issue without further leave to answer, is applicable to petitions for a writ of review as fully as those for the other original writs referred to in the rule, it being intended to enable the parties to obtain a decision upon the sufficiency of the order or judgment sought to be annulled, without incurring the expense or delay of a return to the writ.

ID.—JUDGMENT AFTER RETURN OF WRIT.—If a demurrer to a petition for a writ of review is overruled, the subsequent issuance of the writ and the judgment to be rendered after its return will be merely formal, and in accordance with the decision upon the demurrer, unless it appears that the record returned is different from that set forth in the petition.

CERTIORARI to review an order of the Superior Court of San Diego County adjudging petitioners guilty of contempt.

The facts are stated in the decision of the court ren-
dered upon demurrer to the petition in 100 Cal., 543.

*Gibson & Titus*, and *V. E. Shaw*, for Appellants.

*E. W. Britt*, for Respondent.

HARRISON, J.—The application for the writ herein
was made after notice to the respondent and after service
upon it of a copy of the petition, a demurrer to the peti-
tion was filed on the part of the respondent upon the
ground that the petition did not show that the superior
court had exceeded its jurisdiction; and, at the hearing
of the application, briefs were filed in behalf of the re-
spective parties.  The demurrer was also argued orally,
and, after consideration thereof, an opinion was filed in
which it was held that the court had exceeded its juris-
diction in its order adjudging the petitioners guilty of
contempt, and the demurrer to the petition was over-
ruled.  (100 Cal., 543.)
    Rule XXVI of this court contains provisions regard-
ing the procedure to be observed when the original juris-
diction of the court is invoked in matters of this nature,
and it is provided in subdivision 3 thereof that "Upon
the return day of the alternative writ the respondent may
make return either by demurrer or by answer, or both.
If the return be by demurrer alone, and the demurrer
is not sustained, the writ will be ordered to issue with-
out further leave to answer."  Although, technically
speaking, there is no alternative writ of *certiorari*, the
manifest object of the rule is applicable to petitions for
that writ as fully as to those for the other original writs
referred to in the rule.  A hearing after notice for the
application serves the same purpose as the hearing upon
the return to an alternative writ of mandate or prohibi-
tion.  One object of the rule is to enable the parties to
the application to obtain a decision upon the sufficiency
of the order or judgment sought to be annulled, without
incurring the expense or the delay attendant upon wait-
ing until there has been a return to the issuance of the

writ. If the order or judgment is set out at length in the petition, and the respondent concedes that it is correctly set forth therein, no useful purpose is served by the issuance of the writ and a formal return thereto in which the same order or judgment would be merely repeated. It is only when the correctness of the order as set out is challenged, or when other portions of the record will qualify its terms, that it would seem necessary for the issuance of the writ before a hearing upon the merits, and in such case the better practice would be to allow the writ to issue, and have the hearing upon the merits await the return, but when the entire merits of the controversy are presented in the petition, and the only question for determination is one of law depending upon a consideration of the order or judgment itself, a demurrer to the petition calls for a decision upon the sufficiency of the order. If the parties prefer to adopt this course of procedure the decision thereon will be upon the merits, and if the demurrer is overruled, the subsequent issuance of the writ and the judgment to be rendered after its return will be merely formal, and in accordance with the decision upon the demurrer.

After the decision upon the demurrer herein, upon the suggestion of the respondent that the import of this rule had been misconceived, and that the record to be certified under return to the writ might be different from that set forth in the petition, an order was made for the issuance of the writ. In response thereto the clerk of the superior court has made a return in which he has certified to this court a transcript of the proceedings of the court below. The copies of the judgment of the superior court and of the order adjudging the petitioners guilty of contempt, of which they ask a review, as contained in the return of the respondent, do not differ in terms from the copies of the same judgment and order which had been set out in the petition, and the other portions of the return are merely matters of inducement leading up to the rendition of the judgment in the action and to the order sought to be annulled,

but do not qualify or change the scope and effect of the order itself; and as it was held in our decision upon the demurrer that the court had exceeded its jurisdiction in making that order, it follows that the judgment to be rendered upon the return of the writ is merely to apply the decision thus made, and direct a judgment to be entered annulling the order; and it is so ordered.

PATERSON, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.