[Civ. No. 534.   Second Appellate District.—August 11, 1908.]

## C. E. STONER et al., Appellants, v. CITY COUNCIL OF LOS ANGELES et al., Respondents.

WRIT OF REVIEW—OPENING OF STREET IN LOS ANGELES—OBJECTIONS TO ASSESSMENT—FAILURE OF COUNCIL TO ACT—LOSS OF JURISDICTION.—Where a street was opened in the city of Los Angeles under the act of 1903, and after due publication of notice thereunder objections to the assessment and diagram were duly filed, if no action was taken at the next regular meeting of the city council held after the lapse of the thirty days allowed by the act for the filing of objections, either to consider the same, or to adjourn the consideration thereof to a day fixed, the council lost jurisdiction to proceed under the publication made, and any further action thereunder should be annulled upon writ of review.

ID.—DEMURRER TO PETITION—LAPSE OF TIME WITHOUT ACTION—TIME OF MEETING UNDER LOS ANGELES CHARTER—JUDICIAL NOTICE.—Upon demurrer to the petition, which shows that no action was taken by the city council of Los Angeles before the lapse of sixty-five days from the first publication of the notice, and of thirty-six days after the filing of the objections to the assessment and diagram, the court will take judicial notice of the Los Angeles charter, and of the time fixed therein for regular meetings of the city council, and that the next regular meeting after the lapse of thirty days allowed under the street opening act had long expired without action, before any action was attempted by the council under the publication made.

ID.—IMPROPER JUDGMENT UPON DEMURRER—JUDGMENT-ROLL—PETITION ADOPTED AS RETURN—REVIEW UPON APPEAL.—Although the judgment-roll upon a writ of review consists, under section 1077 of the Code of Civil Procedure, of the judgment, writ and return, and where a formal return is made to the alternative writ, the petition cannot be reviewed upon appeal unless incorporated in a bill of exceptions; yet, where only a demurrer is filed to the peti-

tion, and a judgment dismissing the petition is improperly rendered thereupon, the demurrer must be considered as adopting the allegations of the petition as a return, and it will be reviewed upon appeal, as a return, and as part of the judgment-roll; and the judgment will be reversed with directions to sustain the demurrer thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Chas. S. Burnell, and Haas, Garrett & Dunnigan, for Appellants.

Leslie R. Hewitt, City Attorney, and E. R. Young, Deputy, and Howard Robertson, Deputy, for Respondents.

SHAW, J.—This proceeding was instituted in the superior court of Los Angeles county to obtain a writ of review directed to the city council of the city of Los Angeles.

The controversy grows out of the opening of Grand avenue from Temple street to California street, the proceedings for the opening of which were had and taken under the street opening act of 1903. (Stats. 1903, p. 376.) It appears from the verified petition that appellants are the owners of lots and lands located within the district established by said council as being benefited by the opening of said street, and upon which the cost of such opening was apportioned by an assessment duly made upon the parcels of land located within the boundaries thereof. The assessment and diagram were filed with the city clerk, who thereupon gave notice of such filing by publication for a period of ten days, the first publication of said notice being made on the eighteenth day of October, 1907. On November 15, 1907, and within thirty days after the first publication of said notice appellants filed objections to said assessment. It appears from said petition that no action was taken by said council upon these objections until Monday, December 23, 1907, at which time, as shown by the minutes of the proceedings of the city council as set forth in the petition, the "petitions, protests and communications were received and referred to their appropriate committees, to wit: . . . No. 1224 from the Estate of T. D. Garvin, et al., protest

against the assessment for the opening of Grand avenue between Temple street and California street. Set for hearing January 6th, 1908, at 11 a. m., and in the meantime referred to the city engineer for report as to frontage, and the clerk instructed to give notice in the manner required by law." On January 6, 1908, as shown by the minutes of the proceedings set forth in the petition, the engineer made his report to the effect that the protestants did not represent a majority of the frontage in said district, and, according to the minute entry of said proceedings, "the matter of the hearing of protests Nos. 1224 and 1229, Estate of T. D. Garvin and S. A. Waldron, et al., protesting against the opening of Grand avenue from Temple street to California street, coming on regularly at this time as a special hearing, the same was taken up, and Mr. Healey moved, seconded by Mr. Clampitt, that the report of the city engineer be adopted and that the protests be denied and the assessment and diagram presented by the Board of Public Works be confirmed and adopted"; which motion was adopted by a full vote. No notice of the time when said objection would be heard was served on the objectors.

Upon the filing of this petition the writ was issued as prayed for. Thereafter, instead of making a return of its proceedings as required by said writ, said respondents filed a demurrer, alleging that the petition did not state facts showing that petitioners were entitled to the writ. This demurrer was sustained, and a motion made at the time by respondents to have the writ theretofore issued dismissed was granted; whereupon a judgment of dismissal was entered in accordance therewith, from which petitioners prosecute this appeal.

The question presented by the record is the sufficiency of the verified petition to warrant the issuance of the writ. The effect of the demurrer on the part of respondents was, for the purpose of disposing of the question raised thereby, to adopt as their return the facts alleged in the petition. The question, therefore, is whether these facts entitled petitioners to the writ.

By the provisions of section 18 of the street opening act of 1903 (Stats. 1903, p. 380), the superintendent of streets, upon the completion of the assessment, is required to file the same with the city clerk, who shall give notice of such filing by pub-

lication for at least ten days in a daily newspaper published and circulated in the city. Said notice shall require all persons interested, within thirty days after the date of the first publication of such notice, to file with the said clerk their objections, if any they have, to the confirmation of said assessment. Pursuant to said notice so given by publication, appellants did, within the thirty days provided therefor, file with the city clerk objections to the confirmation of said assessment. No other notice of the filing of said assessment, or the hearing of objections thereto, other than this publication, is required; hence, parties filing objections are not entitled to personal notice of the time and place when a hearing will be accorded upon their objections. The law fixes the time when the objections shall be heard. Section 19 of the act provides: "The clerk shall, at the next regular meeting of the City Council after the expiration of the time for filing objections, lay said assessment and all objections so filed with him, before the Council; and said council shall hear all such objections at said meeting, or at any other time to which the hearing thereof may be adjourned." The objectors, therefore, were chargeable with notice that their objections would be heard at the *next regular meeting* of the city council *after* the *expiration* of the *thirty days* within which to file objections, or at such *other time* to which such *hearing* might at such meeting *be adjourned*. It was their duty to be present at such meeting, if a hearing was then had, or, if not had, to ascertain from the action then taken the time to which such hearing was adjourned.

By reference to section 13 of article III of the charter of the city of Los Angeles, of which this court will take judicial notice (Dillon's Municipal Corporations, sec. 83; 17 Am. & Eng. Ency. of Law, p. 936; *Bituminous etc. Paving Co.* v. *Fulton* (Cal.), 33 Pac. 1117; *People* v. *Potter*, 35 Cal. 110; *Pasadena* v. *Stimson*, 91 Cal. 238, [27 Pac. 604]), it will be seen that the city council of said city of Los Angeles shall meet at least once a week. The first publication of the notice was made on October 18, 1907, and the thirty days accorded for filing objections expired November 17, 1907, but, as shown by the record set out in the petition, the city clerk did not "lay said assessment and all objections so filed with him, before the council" until December 23, 1907—thirty-six days

after the filing thereof.  It thus appears that, after the objections were filed, and after the expiration of thirty days within which to file the same, they were not laid before the city council, and no action was had thereon until the expiration of a period during which, under the provisions of the charter, there were held some four or five regular meetings of said city council, and that on December 23, 1907, without notice to the objectors, their objections were taken up and referred to the city engineer to report upon the number of feet frontage in the district represented by the objectors.  It is apparent that the council was proceeding upon the erroneous theory that the objections purported to be protests of the holders of a majority of the frontage against the improvement, filed under the provisions of section 4 of the act, and not objections to the confirmation of the assessment as being inequitable.  It is true by the minutes of the proceedings it appears that they adopted and confirmed the assessment, but in face of the fact that a hearing was not had at the time required by law under the publication of notice made, nor any action taken thereon at such time, we cannot indulge in the presumption that the objections were in any way considered other than as protests against the improvement, rather than objections to the assessment itself.

The council, having failed to take any action at the *next regular meeting* after the expiration of the time for filing objections, either in the way of according a hearing or adjourning the hearing to some subsequent day, lost jurisdiction to act in the matter, except upon a republication of the notice in accordance with the provisions of section 18 of the act. The record of the proceedings may show an entirely different state of facts from that set forth in the verified petition, but the question under consideration here is the sufficiency of the petition as an affidavit to justify the issuance of the writ.

The appeal is on the judgment-roll, which consists of the judgment, writ and return thereto (Code Civ. Proc., sec. 1077), and respondents contend that the petition cannot be considered on appeal, for the reason that it is not incorporated in a bill of exceptions.  It is true that where a return is made, the petition or affidavit for the writ can serve no purpose on appeal, unless it is embodied in a bill of exceptions (*Reynolds* v. *County Court,* 47 Cal. 604; *Rauer* v. *Justice Court,*

115 Cal. 84, [46 Pac. 870]), but where there is interposed a demurrer (the filing of which is permissible in such cases under section 1109, Code of Civil Procedure), the effect of which for the time is to adopt the allegations of the petition as the return, the petition, upon the sustaining of the demurrer and rendition of judgment of dismissal, is substituted as and for the record in lieu of which it is accepted, and may be brought up and considered, not as the petition, but as the return, and therefore a part of the judgment-roll. (*Stewart* v. *Superior Court*, 101 Cal. 594, [36 Pac. 100].)

The views herein expressed render it unnecessary to consider other points urged by counsel.

The judgment is reversed and the proceeding remanded, with instruction to the trial court to overrule respondents' demurrer.

Allen, P. J., and Taggart, J., concurred.