[Civ. No. 1880.  Second Appellate District.—February 15, 1916.]

THE RINDGE COMPANY (a Corporation), Respondent, v. THE CITY COUNCIL OF THE CITY OF LOS ANGELES et al., Appellants.

STREET LAW—PROCEEDINGS UNDER ACT OF 1903—OBJECTIONS TO ASSESSMENT—NEGLECT OF CLERK TO PRESENT IN TIME—JURISDICTION OF COUNCIL.—Upon proceedings had under the Street Opening Act of 1903, where the clerk of the city council, through inadvertence or other cause, fails and neglects, as provided by section 19 of such act, to present or lay before the council the assessment and objections filed thereto at the next regular meeting of the council after the expiration of the time for filing such objections, the council has no jurisdiction by the notice so given to act in the premises, but it does not thereby lose jurisdiction of the entire proceeding, and upon a republication of the notice, in accordance with the provisions of section 18 of the act, it has jurisdiction thereafter, upon presentation of the assessment and objections within the required time, to make an order confirming the assessment.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, Howard Robertson, Assistant City Attorney, and Charles S. Burnell, Assistant City Attorney, for Appellants.

Edwin A. Meserve, and Shirley E. Meserve, for Respondent.

Hanson, Hackler & Heath, *Amici Curiae.*

SHAW, J.—This is an appeal from a judgment rendered in a proceeding instituted in the superior court of Los Angeles County, whereby it was sought to have certain acts of the city council of the city of Los Angeles, in confirming an assessment made to cover the cost of opening Broadway from Tenth Street to Pico Street, declared null and void for want of jurisdiction.

The writ was issued and upon return thereto a hearing was had, wherein the court caused to be entered a judgment as prayed for by petitioner, declaring said action of the city council void, from which judgment this appeal is prosecuted.

It appears that under the Street Opening Act of 1903 and the several amendments thereto, [Stats. 1903, p. 376], the city council of Los Angeles, in May, 1913, initiated proceedings for the opening of Broadway, a street in said city, from Tenth Street to Pico Street, all of which proceedings up to and including the making of the assessment, plat, and diagram, and the filing of the same with the clerk of the council on December 30, 1914, it is conceded were duly had and taken as provided for by the act.  On December 31, 1914, the clerk, as required by section 18 of the act, gave notice by due publication thereof requiring all persons interested in the matter to file with him their objections to the confirmation of the assessment.  Within thirty days after the first publication of said notice a number of parties owning property affected by the assessment filed protests and objections thereto with the clerk of the city council, as provided by section 19 of the act; which section also provides that "the clerk shall, at the next regular meeting of the city council after the expiration of the time for filing objections, lay said assessment and all objec-

tions so filed with him before the council; and said council shall hear all such objections at said meeting, or at any other time to which the hearing thereof may be adjourned, and pass upon such assessment.'' The next regular meeting after the expiration of the thirty days required for the publication of said notice so given by the clerk was held on the first day of February, 1915, at which time the clerk should have presented the assessment and the objections so filed against the confirmation thereof to the council. Through inadvertence or other cause—the reason not appearing—the clerk, however, failed and neglected to present or lay the assessment and objections before the council at this regular meeting so held on February 1, 1915; but at the meeting next following, he did lay the same before the council, which, assuming jurisdiction to act, proceeded with the hearing of the objections to the assessment so filed, and after ordering certain corrections and modifications· thereof made, confirmed the assessment as thus corrected. Thereafter the plaintiff instituted in the superior court a *certiorari* proceeding, No. B–23218, wherein it sought to have the order and action of the city council so had and taken declared null and void. The question there presented, and upon which the court rendered its judgment, appears to have been identical with that involved in the case of *Stoner* v. *City of Los Angeles,* 8 Cal. App. 607, [97 Pac. 692]. In that case it was held that the publication of the notice required by section 18, pursuant to which objections to the assessment had been filed, in the absence of presentation thereof made by the clerk to the council at its next regular meeting held after the thirty days specified in the notice for filing objections, no action at such meeting having been had by the council as to the hearing of the objections, did not authorize the council, at a subsequent meeting, to act upon said assessment and objections. In rendering judgment upon the application for writ of review in said case hereinbefore referred to as No. B–23218, the court followed the law as laid down in the Stoner case, and held that by reason of the clerk's failure to present the assessment and protests to the council at its first regular meeting following the expiration of the thirty days fixed for filing objections, no jurisdiction was conferred upon the council by *the notice so given* to act in confirmation of the assessment at a subsequent meeting. From this judgment, as to the correctness of

which we entertain no doubt, the council, by resolution, resolved that it would prosecute no appeal, and instructed the clerk to publish the notice required by section 18 of the act. Thereafter, on April 28, 1915, the clerk of the city council, as provided in said section 18, caused to be duly published a new notice requiring all persons interested to file with him their objections, if any they had, to the confirmation of the said assessment, and within thirty days immediately following the first publication of said notice certain protests and objections to the confirmation of the assessment were filed, which, together with the assessment, at the first meeting of the council following the expiration of thirty days from the first publication of the notice, the clerk presented to the council, which proceeded regularly and in accordance with the provisions of the act to hear the protests and objections filed, after which, on June 14, 1915, it made an order confirming the assessment. Thereafter plaintiff instituted this proceeding for *certiorari,* wherein the trial court adjudged the action of the council in making the order confirming the assessment null and void for want of jurisdiction.

The chief contention of respondent and ground upon which it is apparent the trial court based its decision is that by reason of the failure of the clerk to present the assessment and objections thereto at the regular meeting of the council following the publication of the first notice, the council, notwithstanding all steps in the matter prior to such omission of the clerk had been duly had and taken, lost jurisdiction of the entire proceeding, and this notwithstanding the provisions of section 4 of the act under and pursuant to which, it must be conceded, all steps necessary to vest in the council jurisdiction to order the improvement described in the ordinance had been taken. In the Stoner case this court, in discussing the failure of the clerk to present the assessment and protests at the first regular meeting following the giving of the notice, said: ''The council, having failed to take any action at the next regular meeting after the expiration of the time for filing objections, either in the way of according a hearing or adjourning the hearing to some subsequent day, lost jurisdiction to act in the matter, *except upon a republication of the notice in accordance with the provisions of section 18 of the act.*'' While in this excerpt the court expressed its views upon the question now presented, counsel for respondent in-

sist that the language therein which we have italicized was not necessary to the decision of the question presented, and must therefore be regarded as *dictum*. Nevertheless, we are of the opinion that what was *dictum* in that case is the law when applied to the facts presented in the case at bar.

The only question here involved is the validity of the order confirming the assessment. Not until the clerk performed certain duties imposed upon him by law, namely, the due publication of the notice and due presentment of the assessment and protests at the first regular meeting after said publication, was the council authorized to take action in confirming the assessment. The giving of the notice and, within a limited period of time specified therefor, laying the assessment and protests before the council, both ministerial in character, in fact constituted but one act, the performance of which was a necessary prerequisite to any action upon the assessment by the council. By reason of the clerk's neglect to present the assessment and objections thereto, the notice as published could perform no function whatever. In the absence of presenting the assessment to the council at the specified time, the publication of the notice, so far as vesting the council with jurisdiction to act upon the assessment, was as futile for the purpose intended as though notice had not been published at all. Certainly it could not be said as to an order confirming an assessment void for want of proper notice that the council by such vain action had lost jurisdiction of the entire proceeding. Nor did its act, ineffectual by reason of the clerk's neglect, deprive it of jurisdiction to make the order of confirmation when, following due publication of notice within the time required therefor, the clerk presented the assessment and protests thereto for its action. It was then empowered to act as fully upon the second publication of notice as though the first, proving abortive, had never been made. We adhere to what was said by this court in *Stoner* v. *City of Los Angeles*, 8 Cal. App. 607, [97 Pac. 692], as reiterated in *S. M. Bernard Co.* v. *City of Los Angeles*, 18 Cal. App. 626, [124 Pac. 88], that by reason of the clerk's neglect to present the assessment and objections to the council at the time in the statute specified therefor, the council had no power to make the order, *save upon a republication of the notice, followed by due presentation of the documents, all of which appears to have been duly and regularly done.* This

is not only in accord with reason, but in line with the principle enunciated by the supreme court in *Bliss* v. *Hamilton*, 171 Cal. 123, [152 Pac. 303]; *Haughawout* v. *Percival*, 161 Cal. 491, [Ann. Cas. 1913D, 115, 119 Pac. 649]; *Dougherty* v. *Foley*, 32 Cal. 403; *Cake* v. *City of Los Angeles*, 164 Cal. 705, [130 Pac. 723]; *O'Dea* v. *Mitchell*, 144 Cal. 374, [77 Pac. 1020]; and other cases to the effect that after jurisdiction has been acquired to do the work, abortive attempts by officers to perform acts upon which the taking of other steps in the proceedings depend does not exhaust the power of the officer, within the time fixed therefor, to make good his futile effort by a due performance thereof as fully as though no attempt had been made to perform the act.

It is apparent from what has been said the judgment rendered by the superior court in No. B–23218, involving the validity of the order made under the first publication, did not affect the order made in the exercise of the power conferred by the republication of the notice and proceedings had pursuant thereto. It was correctly rendered upon a state of facts justifying the decision.

The judgment is reversed and the trial court directed to enter judgment affirming the validity of the proceedings attacked.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 13, 1916.