**BRAGDON v. CITY OF MUSKOGEE et al.**

No. 19602.    Opinion Filed Nov. 20, 1928.

Brainerd, Gotwals & Gibson, for plaintiff in error.

G. A. Paul, C. A. Ambrister, and Bower Broaddus, for defendants in error.

HEFNER, J. The plaintiff in error, as plaintiff, brought this action in the district court of Muskogee county against the defendants in error, the city of Muskogee and the Electric Service Company, as defendants. The petition alleged that the city of Muskogee was operating under a charter form of government and on the 25th day of January, 1928, the council of the city of Muskogee enacted ordinance No. 1372, providing for the establishment of a special lighting district in the city of Muskogee; and there-

after, and in pursuance of the requirements of the ordinance did pass all the necessary resolutions, notices, orders, etc., and eventually. entered into a contract to construct the lighting system pursuant to the proceedings had therefor. The lighting system is what is commonly known as a "white way."

Upon the trial of the case all the proceedings in connection with the establishment of the white way were admitted in evidence, after which the trial court sustained a demurrer to the evidence, denied the injunction, and rendered judgment dismissing the petition.

Article 1, subdivision D, of the charter of the city of Muskogee authorizes the city to provide by special assessment for payment for all benefits for special lighting districts and for sprinkling, cleaning, and repairing streets; for cutting weeds upon occupied or vacant lots in the city; and for the improvement and beautifying of parks. It is under this provision of the charter that the city passed ordinance No. 1372. The ordinance defines the procedure necessary to create a special lighting district and levy assessments against the property abutting thereon. The ordinance does not undertake to levy a tax for maintenance of the district, but only for the installation thereof.

The first question that presents itself is as to whether or not the Constitution of the state of Oklahoma authorizes the city of Muskogee to specially provide by charter for this character of improvement.

Section 7 of article 10 of the Constitution provides that the Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation.

This court has never been called upon to pass directly upon the question as to whether or not a white way is considered a local improvement.

In the case of Gilfallan et al. v. City of Bartlesville, 46 Okla. 428, 148 Pac. 1012, it was held that the term "local improvement," as used in the Constitution, includes all such improvements as are determined in the proper exercise of legislative discretion to be specially and peculiarly beneficial to the property affected and thus to its owners as contradistinguished from such as are only beneficial to property in general or to the general public.

In the case at bar the assessment sought

to be made and the improvement district created, is for the installation of an ornamental street lighting system in the downtown district of the city of Muskogee. It is purely local in that it is centralized and tends solely to improve the property by lighting the same within the locality described. The use to which it is put by the public generally does not change its character as a local improvement, but the specific locality in which the improvement is placed receives an added benefit which is not common to the inhabitants of the city as a whole. It is the same theory that prevails in the construction of sewer improvements, which by all the authorities constitute local improvements for which special assessments may be levied. The sewer, while it is generally for the good of the entire municipality and the inhabitants thereof, yet directly it serves the property in a given locality and to such an extent becomes a local improvement of the property within a particular sewer district.

The courts have uniformly held that the essential element of a local improvement is that it shall benefit the property on which the costs are assessed in a manner local in its nature and not enjoyed by property generally in the city. It is generally recognized that the repairing, regrading, and widening of a street is a local improvement. It has likewise been held that the planting of trees, shrubbery, and flowers is a local improvement.

In the case of City of Springfield v. Springfield Consolidated Railway Co. (Ill.) 129 N. E. 580, it was held that an ornamental electric lighting system is a local improvement which could be paid for by levy or special assessment.

In the very recent case of Fisher v. City of Astoria, 269 Pac. 853, the Supreme Court of Oregon, in a very well-considered opinion, held that an ornamental electric street lighting system conferred benefits upon the adjacent district making it a proper subject of local assessment; and that ordinarily all ornamental details of local improvement rest largely in the discretion of the municipal officers. It further held it was common knowledge that many business men and property owners believe an ornamental electric lighting system renders streets more attractive to the retail trade and thus enhances values; and that if the benefit of improvements to a proposed district is substantially more intense than to the rest of the municipality or is peculiar to the particular district, the fact that it may inciden-

tally benefit the entire city does not destroy its use as a foundation for local assessment. In the fifth paragraph of the syllabus it is said:

"Ornamental electric street lighting system, involving use of permanent posts artistically designed and elimination of overhead wires, held to confer benefit on adjacent district, making it proper subject of local assessment, notwithstanding provisions of Astoria city charter, c. 5, sec. 38, subd. 47, and chapter 12, sec. 140, authorizing city to provide for electric-lighting plant."

It was further held that the mere fact the electric current which was to be used in the proposed ornamental street lighting system was not generated by the city, but was to be purchased from a private electric company, did not defeat the validity of the proposed assessment as a local improvement.

We adhere to the rule announced by the Supreme Court of Oregon in this well-considered opinion. It therefore follows that the city of Muskogee, under the provision of its charter and under section 7 of article 10 of the Constitution, was authorized to enact ordinance No. 1372 and to define the procedure necessary to create a special lighting district and to levy assessments against the property abutting thereon.

Under the fourth proposition, the plaintiff in error urges the ordinance is invalid for several reasons; among them the failure to give sufficient notice, the failure to reimburse the property owners who have previously installed lights in front of their property, the creation of the quarter-block area of benefits, the extension of cables and other appliances beyond the limits of the district, and the inability of property owners on one street to protest against the lights on another street in the district.

The ordinance in providing the procedure for creating the district followed the general paving statute. Persons owning property within said district may protest the creation of the district in ten days after the last publication of the ordinance of necessity for the improvement, and if more than 50 per cent. protest, the city is without power to proceed with the improvement. Each property owner is given opportunity to protest the amount of the assessment against his particular property.

The quarter-block method of assessment is also the same as the paving statute. The quarter-block system prevails in many states and it has proven equitable and just.

Complaint is also made that the right of protest is not given against each street separately. There is no inherent right of protesting an improvement. The right to protest is a grant by the municipality, and it may prescribe the conditions under which a protest may be made.

It is further contended certain individuals should be reimbursed for lights in front of their respective properties. In other words, it is argued the city is without power to cause a local improvement until the individual is reimbursed or paid for that which he has placed on the street. Even if the city had granted permission to erect a post in the sidewalk, it could later revoke that license. The property owner has no inherent right to obstruct the street or sidewalk by the erection of lamp posts. This is a matter of governmental control.

The plaintiff further urges that any conduits, cables, and appliances outside of the district cannot be properly charged against the property of the district.

In the case of City of Bartlesville v. Keeler, 107 Okla. 14, 229 Pac. 450, this court held that in the construction of a sewer, where certain outlets were declared necessary by the council, not only the expense of constructing the sewer within the district, but the expense of constructing the same beyond the boundaries of the district, is a proper charge upon the district and is a local improvement thereof and the total cost should be apportioned and the lien fixed upon the property as prescribed by law; and that such connections or outlets were a part of the improvements and were necessary for its construction, and therefore properly chargeable to the property of the district. We therefore conclude that the conduits, cables, and appliances, having been declared necessary by the city, are a proper charge upon the district as a local improvement thereof.

The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.