## GRIER v. CITY OF TULSA.

No. 19161. Opinion Filed March 25, 1930.

Rehearing Denied June 24, 1930.

J. J. Henderson and Davidson & Williams, for plaintiff in error.

H. O. Bland, Harry L. S. Halley, and N. C. Orr, for defendant in error.

HERR, C. In this action Lorenzo Grier seeks to enjoin the city of Tulsa from collecting paving assessments assessed against his property for paving Eighth street in said city from Madison avenue to Norfolk avenue. It is alleged that said assessment is illegal for want of jurisdiction in said city to levy the same. A demurrer to plaintiff's petition was sustained and judgment entered in favor of defendant. Plaintiff appeals.

It appears that plaintiff is the owner of lots 1, 2, 7, and 8 in block 3, Oakland addition to the city of Tulsa. Said block is irregularly shaped, being bounded on the south by Eighth street, on the north by Central Park, on the east by Norfolk avenue, and the north part of the lot, being wider than the south, is not bounded by any street on the west, while the south part is bounded on the west by Madison avenue. At a point 140 feet north of the north line of said Eighth street is an alley 20 feet wide running east and west through said block. Plaintiff's lots 1 and 2 lie immediately north of said alley, and lots 7 and 8 lie immediately to the west of lot 1. Abutting this alley on the south and abutting Eighth street are lots 3, 4, 5, and 6. Plaintiff's lots, north of the alley, were assessed for the pavement of said street.

It is contended that this assessment is illegal for the reason that it violates the quarter block rule; that defendant city had no right to cross this alley and assess his property there located for paving said Eighth street; that his property does not abut thereon and should not, therefore, be assessed. There is no street running east and west between the north boundary line of said block and Central Park; but Seventh street, if extended, would cross said park a short distance to the north of the north boundary line thereof. The first street running east and west to the north of this b'ock is Sixth street, and is a distance of approximately 425 feet north of the north boundary line thereof. We are aided in our description of the premises by a map attached to plaintiff's brief and referred to by counsel on the oral argument. We presume this map was intended for our use in construing the petition.

The charter of the city of Tulsa, among other things, provides that, in apportioning the cost of paving against abutting property owners, each quarter block shall be charged with its due proportion of both the front and side streets on such block; and further provides that the costs assessed against any property shall be in proportion to the frontage of the property of each owner to the whole frontage of property on such quarter block so ordered to be improved. The charter also contains the following provision:

"Provided, that if the application of this ru'e would, in the opinion of the board, in particular cases, be unjust or unequal, it

shall be the duty of the board to assess and apportion said costs in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by each owner of such property, and the equities of such owners and the adjustment of such apportionment, so as to produce a substantial equality of benefits received by, and burdens imposed upon, each owner."

It is contended by plaintiff that for the purpose of assessing his property under this charter, the platted block controls, and that, applying the quarter block rule as thereby required, his property north of the alley cannot legally be assessed, but that lots 3, 4, 5, and 6, lying south of the alley, must bear the entire cost.

It is the contention of defendant city that under the proviso of the charter above quoted, it was not bound, in making this assessment, taking into consideration the irregular shape of this block, to follow the platted block lines literally, but that it had a right to consider the territory lying between Eighth and Sixth streets, north and south, and Madison avenue and the west boundary line of said block 3 and Norfolk avenue, east and west, as a paving block; and had a right to apportion the cost of paving said Eighth street to all property within a certain radius lying between these points according to benefits received. And in accordance with this contention, it levied assessment for the paving of such street against the property of plaintiff lying north of the alley to a line approximately half way between Eighth and Sixth streets.

In our opinion, defendant's contention is correct and the assessment legal. It is so held in the following cases: City of Tulsa v. McCormick, 63 Okla. 238, 164 Pac. 985; M., K. & T. Ry. v. City of Tulsa, 113 Okla. 21, 238 Pac. 452; St. L. & S. F. Ry. v. City of Tulsa, 15 Fed. (2nd.) 960. In all of these cases this identical charter proviso of the city of Tulsa was construed. Assessments levied in a manner almost identical with the manner in which the assessment here involved was made were sustained.

In the case of St. L. & S. F. Ry. Co. v. City of Tulsa, supra, the prior opinions of this court were reviewed and considered by the Circuit Court of Appeals of the Eighth Circuit, and the conclusion reached that such opinions do not, in all cases, apply the platted block rule. In paragraph 2 of the syllabus, the following rule is announced:

"Under a city charter making each quarter block a unit for assessment for street paving, but giving the city commission power, if this rule would be unjust or work inequality in particular cases, to make the assessment as they deem just and equitable, where a railroad right of way extended between and parallel to two streets, and the blocks fronting on the street to the south, as platted, extended only to the right of way, on the paving of that street, it was within the power of the commission to extend such blocks for the purpose of assessment of benefits to a line halfway between such street and the one to the north of it, thus including a portion of the right of way."

Plaintiff relies on the cases of M., K. & T. Ry. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398; Flanagan v. City of Tulsa, 55 Okla. 638, 155 Pac. 542. These cases have been distinguished by this court in the case of City of Tulsa v. McCormick, and M., K. & T. Ry. v. City of Tulsa, supra, and hold, under circumstances similar to those here presented, that, under its charter, the city of Tulsa was not bound, in all cases, to confine itself, in levying assessments for street improvements, to platted block lines. The court, in the McCormick Case, supra, after pointing out that the city of Tulsa's charter contained no definition of the word "block," and, after stating that gross injustice might frequently result by following the platted block rule in all cases, concluded as follows:

"The charter should be construed to prevent this result, and this may be done, and a just and equitable result arrived at, and the assessment to pay for such paving distributed over all the property benefited thereby, if the word 'block' should be given its ordinary meaning as hereinbefore defined, and held to mean a portion of the city bounded on all sides by streets or avenues, unless, under circumstances similar to those mentioned in Missouri, Kansas & Texas Railway Company and Flanagan Cases, where injustice would result, and authority for applying a different rule in such circumstances is found in the proviso to section 6, art. 9, of the Tulsa charter, which authorizes the board, in particular cases, where the rule we have announced would be unjust, to assess and apportion said costs in such proportion as to it may seem just and equitable, having in view the benefits received by the owner of such property."

The Circuit Court of Appeals, in the case of St. L. & S. R. Ry. v. City of Tulsa, supra, says that the construction placed upon the charter by this court in said case is reasonable, fair and just.

There can be no question but that plaintiff's property is materially benefited by the pavement. The city of Tulsa, through its legislative body, so determined. This action, in the absence of constitutional restrictions,

is binding on us. St. L. & S. F. Ry. v. Tulsa, supra, and cases therein cited.

It is finally urged by plaintiff that his property sought to be assessed is separated by an alley from the street improved; that the same does not abut on such improvement and an injunction should, therefore, be granted. Authorities are cited to sustain this contention. Under some statutes, it is made mandatory on the municipality that property assessed for paving abut on the street paved. All statutes do not so provide. The charter of the city of Tulsa does not unqualifiedly so provide and the rule contended for is, therefore, without application.

In the case of M., K. & T. Ry. v. Tulsa, 113 Okla. 21, 238 Pac. 452, in the body of the opinion, the court says:

"Viewing the problem in its entirety, it appears to us that, in the matter of improving a given district and the assessment of each piece of property within such district for its proportionate liability for the cost of such improvement, the determining question is the proportionate benefits accruing to each piece of property. This method appears to be generally recognized as the fairest basis for making assessments. Legislative bodies have so treated it, and courts have so regarded it. It is also generally settled by the decisions that the question of benefits accruing to city property, within an improved district, is purely a legislative question, and that a legislative determination of such question is conclusive with the courts. The question of reasonableness and necessity for improvements and the procedure for determining such questions are usually provided for by statute or by city charters and ordinances, and in the case at bar are adequately provided for by the charter and ordinances of the city of Tulsa. * * *

"Under such view, and we concur therein, the question is not what might have been abutting property, under an original and different plat, but what is benefited property, under existing conditions, whether the lots be shortened or lengthened by the present plat or conditions. * * *

" * * * No serious contention is made that this property has not been benefited, or that it will not be benefited. No good reason has been shown why it will not be benefited. The matter of determining the benefits being, as we have seen, a legislative matter, and having been determined by the legislative branch of the city government, and there being no constitutional rights thereby impaired, the courts will not disturb the legislative determination."

Under the above authorities, the court properly sustained the demurrer to plaintiff's petition, and the judgment should be affirmed.

BENNETT, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 25 R. C. L. p. 138; 3 R. C. L. Supp. p. 1405; 4 R. C. L. Supp. p. 1572; 6 R. C. L. Supp. p. 1455. See "Municipal Corporations," 44 C. J. §2994, p. 591, n. 78; §3107, p. 658, n. 41.