## SEIBOLD et al. v. CITY OF MUSKOGEE et al.

No. 21460. Opinion Filed Nov. 15, 1932.

Rehearing Denied Jan. 7, 1933.

S. E. Gidney, Homer Baughman, G. K. Powell, and Ben B. Wheeler, for plaintiffs in error.

Stone, Moon & Stewart and W. B. Moore, for defendants in error.

HEFNER, J. This is an action brought in the district court of Muskogee county by George W. Seibold and others, owning property in the city of Muskogee, against that city and Gravelle & Hamblin, paving contractors, to cancel certain paving assessments levied against their property, and to enjoin the city from issuing paving bonds against such assessments. The trial court entered judgment in favor of defendants. Plaintiffs have appealed, and assert that the judgment is contrary to law.

Their main contention is that defendant city refused to give them a hearing on their protest against the appraisement and apportionment made and returned by the board of appraisers. It appears that the city acquired jurisdiction to pave the street involved and to levy assessments against plaintiffs' property; that the proceedings were in all respects regular up to the time the appraisers were appointed. It is argued that the proceedings thereafter were void for the reason that they were denied a hearing on their protest to the report as returned by the appraisers.

The record discloses that the report was duly filed and that the city council, by resolution, set a hearing on such report for August 26, 1929, at 7:30 p. m., and that notice thereof, as provided by law, was duly given. On the date set for hearing, plaintiffs appeared to protest the report. At the time of the hearing the mayor appointed three councilmen as a committee to investigate the matter and report to the council. After this action was taken, on motion of one of the councilmen, the council then adjourned subject to call. After the committee was appointed, its chairman announced that it would meet at 9 o'clock the following Wednesday morning to consider the protests. On August 28, 1929, the committee filed its report with the city clerk, having found that the protests were without merit, and recommended that the report of the appraisers, as filed, be approved and accepted. Thereafter, and on September 12, 1929, the city council, without further notice to plaintiffs, met as a board of review and adopted the report of the committee, denied plaintiffs' protests, and confirmed

the report of the board of appraisers, and on the same day levied an assessment against their property to pay for the cost of the paving as assessed by the board of appraisers, and adjusted by it.

It is the contention of the plaintiffs that, when they appeared on the date set by resolution of the council to hear the protests against the report of the appraisers and no action was taken, and the hearing thereof was not continued to a day certain, the council lost jurisdiction over the matter and could not thereafter legally approve the report of the appraisers without first notifying them.

Under the provisions of section 18, ch. 173, S. L. 1923, plaintiffs were entitled to be heard on their protest to the report of the appraisers. This section provides:

"When said report shall have been so returned, the governing body of any city or incorporated town shall appoint a time for holding a session to hear any complaints or objections that may be made concerning the appraisement and apportionment as to any of such lots or tracts of land, and notice of such hearing shall be published by the city or town clerk in five (5) consecutive issues of a daily newspaper, or two (2) consecutive issues of a weekly newspaper published in the county and of general circulation in said city or town. The time fixed for said hearing shall be not less than five (5) nor more than ten (10) days from the last publication."

It was error for the city council, in the absence of compliance with said section of the statute, to levy an assessment against plaintiffs' property. On this question, this court, in the case of Morrow v. Barber Asphalt Paving Co., 27 Okla. 247, 111 P. 198, said:

"Where the mayor and city council fail to meet 'to hear and adjust any complaint and review such assessment' at the meeting called pursuant to the notice required by Wilson's Rev. & Ann. Stat. sec. 449, such assessment is void."

We think that, when the city council failed to hear the protests on the date set for such hearing, and failed to continue the hearing to a day certain, as it might have done under section 19, ch. 173, S. L. 1923, it committed error when it approved the report of the appraisers, denied the protests, and levied the assessment against the property of plaintiffs without further notice to them.

The Supreme Court of Oregon, in the case of Hochfeld v. City of Portland, 142 P. 824, a case involving facts almost identical to the facts in the instant case, said:

"Where, at the time set for hearing by the city council of objections to a street assessment, the ordinance and objections were referred to the committee on streets, and the report of the committee, some months later, that the remonstrators were called for, and, no one appearing, the remonstrances were considered, and the committee recommends that the ordinance pass and the remonstrances be overruled, was adopted on motion, such action was error; the objectors being entitled to a hearing before the council."

In Stoner v. City of Los Angeles (Cal.) 97 P. 692, that court said:

"A city council having failed to take action at the next regular meeting after expiration of time for filing objections to an assessment for opening a street, either by hearing the objections or adjourning the hearing, as required by Street Opening Act 1903 (St. 1903, p. 381, c. 268) sec. 19, it lost jurisdiction to act in the matter, except on republication, as in the first instance, of the notice, under section 18, of the filing of the assessment."

Under these authorities, before an assessment for the cost of paving can be legally levied against them, it will be necessary that a reassessment be made as provided by section 30, ch. 173, S. L. 1923 [O. S. 1931, sec. 6241].

At the hearing of the case, plaintiffs offered evidence tending to establish that their property was not benefited by the pavement. This evidence was by the trial court excluded, and, in our opinion, properly so. The question of benefit accruing to city property within an improvement district is, as a general rule, legislative, to be determined by the legislative body of the city, and its determination will not be interfered with by the courts. M., K. & T. v. City of Tulsa, 113 Okla. 21, 238 P. 452; Grier v. Tulsa, 143 Okla. 244, 288 P. 957; St. L. & S. F. Ry. Co. v. Tulsa, 15 Fed. (2d) 960.

It appears that, on October 12, 1928, some of the plaintiffs in this action, together with others, brought an action in the district court of Muskogee county against the city to enjoin it from making the street improvement here involved. The trial court denied the injunction. The judgment in that case is pleaded by defendants as res adjudicata in this action. It was contended in that action that the city was without authority to act; that it failed to take preliminary steps necessary to confer jurisdiction upon it to make the improvements. The question here involved was not before the court in that action. That action was taken long prior to the time the appraisers

in the instant case were appointed and their report filed. The question of the denial of the right of plaintiffs to be heard on the protests to the appraisers' report was not involved therein. That judgment is, therefore, not res adjudicata of the question here presented.

Plaintiffs further contend that the assessment is invalid for the reason that the city council, in its resolution appointing the appraisers, did not describe therein the tracts of land to be appraised according to the record title thereof, as provided by section 16, ch. 173, S. L. 1923 [O. S. 1931, sec. 6227]. This section, after providing that the city engineer shall file with the city council a statement of the costs of the improvement, which statement shall be approved by the governing body of the city, further provides:

"After the approval of such final statement, the governing body of such city or town shall, by resolution, appoint a board of appraisers to appraise and apportion the benefits to the several lots and tracts of land which shall be described in said resolution according to the record title thereof, which board of appraisers shall consist of three (3) disinterested freeholders of the city or town, not owners of property to be assessed, * * *"

The resolution adopted by the council and introduced in evidence states that a description of the property, with a list of the record owners thereof, is attached to the resolution as exhibit A. Exhibit A does not appear in the record. The resolution, however, shows that there has been a substantial compliance with this section of the statute. Plaintiffs have offered no evidence to the contrary. We must assume, under the resolution introduced in evidence, that the council complied with the law in making the appointment of the board of appraisers.

Plaintiffs also contend that the assessment is invalid for the reason that the record shows that the appraisers, in making the appraisement, followed an arbitrary rule theretofore adopted by the city council that corner lots should be assessed 15 per cent. higher than other lots. The evidence does not show that this rule was followed by the appraisers. If, however, there was any inequity or inequality in the assessment, and the assessment as returned by the board of appraisers is not in accord with the actual benefits received, such inequalities can be adjusted on the hearing on the protests, since full authority is given the city council in this respect as a board of review under section 19, ch. 173, S. L. 1923 [O. S. 1931, sec. 6230] which provides:

"The governing body of any city or incorporated town of said session or any adjournment thereof, shall have the power to review and correct said appraisement and apportionment, and to raise or lower the same as to any lots or tracts of land, as they shall deem just, and shall, by resolution, confirm the same as so revised and corrected by them."

Under this section the city council, acting as a board of review, upon hearing the protests, can correct assessments by raising or lowering the same, may revise the appraisement, and approve and confirm it as so revised and corrected.

For the reasons herein pointed out, the present assessment against the property should be vacated and an opportunity given the property owners to be heard on their protests. The judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY JJ., concur. CULLISON, J., absent.

### On Rehearing.

SWINDALL, J. The plaintiffs in error have filed a petition for rehearing in this case in which they urge that in the opinion filed this court overlooked certain questions presented in the brief of plaintiffs in error. We have carefully considered the proposition which it is claimed was not considered, namely, that the property of plaintiffs in error was not benefited by the pavement. We held that as a general rule the question of the benefits accruing to city property by virtue of improvements made within an improvement district is a legislative question to be determined by the legislative body of the city. We think the rule announced is correct. However, we do not desire to be understood as holding that upon proper pleadings and proof the plaintiffs in error upon a retrial of the case will not be permitted to bring themselves within the exception to the general rule which is clearly stated by the Supreme Court of the United States in Village of Norwood v. L. & R. Baker, 43 L. Ed. (U. S.) 443; Briscoe v. Cuno H. Rudolph, Commissioners of the District of Columbia, 55 L. Ed. (U. S.) 848; Myles Salt Co. v. Board of Commissioners of the Iberia and St. Mary Drainage District, 60 L. Ed. (U. S.) 392; Martin v. District of Columbia, 51 L. Ed. (U. S.) 743; and by the Supreme Court of Kentucky in City of Louisville v. Louisville Rolling

Mills Co., 3 Bush (Ky.) 416, 96 Am. Dec. 243.

Petition for rehearing denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note: See under (1) annuotation in 61 L. R. A. 55; 28 L. R. A. (N. S.) 1202; 25 R. C. L. 159; R. C. L. Perm. Supp. p. 5544; R. C. L. Pocket Part, title "Special or Local Assessment," § 73. (3) annnotation in 28 L. R. A. (N. S.) 1152; 25 R. C. L. 139, 140; R. C. L. Perm. Supp. p. 5541.