**WRIGHT et al. v. CITY OF EL RENO et al.**

No. 21757.   May 22, 1934.

Rehearing Denied Sept. 11, 1934.

E. E. Blake, for plaintiffs in error.

J. N. Roberson, City Atty., and Roberson & Roberson, for defendants in error.

Armstrong & Murphy, amicus curiae.

McNEILL, J.   This appeal involves the resurfacing or reconstruction of certain streets in the city of El Reno, known as paving district No. 12-B.

Plaintiffs sought an injunction to prevent said city from levying and charging any benefit assessment against their property, contending that the improvement did not constitute an original improvement, reconstruction, repaving or renewal, or even doubtful repair, but at the most it was repair work which should be borne by the public rather than by assessment against abutting property owners; that a charge for benefit local permanent improvement had

heretofore been exacted from their property and that the governing body of said city could not put another and unnecessary pavement on top of a good permanent pavement, and thereby exact another charge against their property, under the pretext of a local benefit, and that the assessment benefits were in excess of the increased values of their property.

It appears that the street improvement project was requested by a citizens' civic committee. On August 28, 1928, the governing body of said city considered this request and passed a resolution directing the city engineer to prepare a preliminary estimate of the cost of improving the district in question with asphaltic wearing surface, two inches in thickness, overlaying a cinder course of asphaltic concrete varying from one-half to three or more inches in thickness, where required by the unevenness of the present surface, etc. Following the passing of this resolution, on the same date, a necessity resolution was passed declaring that it was necessary to improve the streets in question and therein providing for publication of notice. On October 25, 1928, the commissioners of said city approved the engineer's final estimate of cost and an improvement resolution was passed on said date in which the city commissioners found that no protest had been filed against the project and that the same had been published according to law.

Thereafter notice to contractors was given and the same was published. Bids were received on November 9, 1928, and a contract awarded to the lowest and best bidder. On February 4, 1929, the resolution was passed approving the engineer's statement of actual cost for paving, and otherwise improving said paving district, accepting the assessment roll compiled by the city engineer for said improvement, and providing for notice of a public hearing on February 14, 1929, looking toward final confirmation and adoption of said assessment roll. The city commissioners thereafter met on February 14, 1929, and, no objection having been filed, passed resolution No. 5, confirming and approving the assessment roll.

On December 12, 1928, plaintiffs gave notice to the city of El Reno and the contractor which recited in part:

"This is to advise you that the undersigned, property owners * * * object to and forbid your constructing the so-called paving in district 12-B, * * * and refuse to pay therefor, in so far as it affects their respective properties, and will, if possible, prevent your charging against, or levying upon, or collecting from them on their respective properties any pretended benefit assessments therefor, and notify you that, if you undertake to pave in front of, or charge same against them or their respective properties, they will exhaust the resources of the law to prevent your collecting the same, * * * and advise you that, in their opinion, the so-called proceedings to pave said streets and the so-called contract under which said contractor, Park & Company, is presuming to operate, are entirely without authority of law and void."

On December 31, 1928, plaintiffs filed their instant action in the district court of Canadian county. It alleged that the resolution requesting the engineer to prepare preliminary estimate of the cost of the improvement project was indefinite and uncertain; that the board of city commissioners was wholly without authority of law to obligate abutting property owners on the streets in question to further expense; that the streets were fully, adequately, and permanently paved; that no plans, profiles, or specifications had ever been prepared or filed, or submitted to the bidders or proposed contractors; that the streets were in good condition and that there existed no necessity for the improvement.

During the progress of the trial, the trial court, on March 24, 1930, permitted plaintiffs to file an amendment to their petition. The amendment alleged that the resolution of necessity was false as to the necessity of pavement, was unwarranted, arbitrary, corrupt, fraudulent, and an abuse of legislative power, and that the attempt and effort to lay the charge on abutting property was arbitrary, extortionate, and was an exaction and not a taxation; that the repair belonged, under the law, on the public, the city of El Reno, and that the pretended assessment of benefits under said proceedings which were to be put against the plaintiffs' property were in excess of the increased values of said properties, and amounted to taking plaintiffs' property for public purposes without due and just compensation, violative of the Constitution of the United States, the Fifth and Fourteenth Amendments thereof, and in violation of the Constitution of the state of Oklahoma. The amendment to plaintiffs' petition was filed more than a year subsequent to the publication of the ordinance levying the assessment. The trial court sustained an objection to the offer of testimony of plaintiffs to the effect that no benefits were made to the property of plaintiffs, and at the conclusion of the

hearing sustained a general and special demurrer to the evidence.

Plaintiffs in error urge in their brief three propositions:

"1. The court erred in holding that the city of El Reno, without petition and by resolution and ordinance, could proceed to lay one permanent pavement on top of another permanent pavement.

"2. The court erred in holding that the city, without petition, and by resolution and ordinance, could proceed to lay a second pavement on a prior existing permanent pavement in good condition and charge the whole cost to the abutting properties, where the abutting properties had once stood the cost of the first paving.

"3. The court erred in holding that under such proceedings, the city had a right to tax part of the cost of the second or top pavement to the adjacent property"

—and concluded as follows:

"If this was a 'paving' it was wholly false, arbitrary, and unnecessary. Mere extortion. If it was a repair of the existing pavement, it must be borne by the city under section 33 of the Statute.

"We think the court should hold:

"First: That the action of the city was wholly unnecessary as a paving; was wholly arbitrary, fraudulent and void, and

"Second: That it was a mere subterfuge to repair the brick paving at the expense of the lots and individuals to avoid the charge on the city under section 33, and was therefore fraudulent and void; and

"Third: That if it was so justified, by the decision of this court, then the charge must be limited to the benefit received by the lots, and the trial court erred in not hearing and determining that extent of benefit, by increase of value if any.

"Fourth: That the assessment and charges violates the Constitution of the United States and of the state of Oklahoma, and is void and unconstitutional. That case be remanded with instructions to enter judgment for plaintiffs as prayed for and for costs."

The governing body of said city had the power and authority, under chapter 173, Session Laws 1923, to make improvements of the instant character. Sections 32 and 33 of said chapter provided as follows:

"In all cases where the governing body of any city or town shall deem it necessary to pave, construct, macadamize, chat or gravel, curb, gutter, drain, or otherwise improve any street, avenue, alley, lane or any part thereof, which shall have been heretofore paved, constructed, macadamized, curbed, guttered, drained, or otherwise improved, such improvement is authorized to be done under and in pursuance of the provisions of this act, and in such case all provisions of this act for making such improvements and levying assessments therefor and the issuance of bonds shall apply.

"The governing body of any city or town may in addition to all other taxes levied for municipal purposes provide for an annual tax, not exceeding one (1) mill against all the taxable property of such city or town, for the purpose of repairing and maintaining any permanently improved streets in said city or town, heretofore and hereafter constructed."

It is to be observed that said section 32 contains the phrase, "or otherwise improve any street, avenue, alley, lane or any part thereof, which shall have been heretofore paved," etc. This section of the statute does not prohibit the governing body of said city from improving a street by reason of a former permanent improvement having been constructed and the abutting property having been assessed for the benefit accruing therefrom. The character of the improvement under "or otherwise improve" was a matter within the discretion of the governing body of said city. The permanent improvement, heretofore made by said city, abutting the property of the plaintiffs, consisted of a brick pavement which was worn and in need of improvement as testified to by some of the witnesses for plaintiffs.

Plaintiffs contend that the improvement was more in the nature of repair work, and that there was no necessity for the work and no benefits would accrue to plaintiffs by reason thereof.

The improvement as made consisted of surfacing the street with asphalt. Resurfacing a street with a material and composition different from the permanent pavement theretofore constructed is more in the nature of reconstruction work rather than under the guise of repairs. See Bettenbrock v. Miller (Ind.) 112 N. E. 771. In that case the Supreme Court of Indiana said:

"A distinction must be observed, however, between the repair of a public improvement of this kind and a reconstruction. If it were the purpose of this proceeding to restore the road to its original grades and specifications by the use of the same material with which it was originally improved, the work so contemplated might be properly regarded as repair; but this proceeding contemplates a reimprovement of the highway with the material entirely different from that used in the original improvement. Such a road could not be properly made at

the expense of the entire county under the guise of repairs. Resurfacing a highway with a different material is not a repair but a reconstruction. Elliott on Roads & Streets (3d. Ed.) 577."

See, also, Santa Cruz Rock Pavement Co. v. Broderick (Cal.) 45 P. 863; Ranney v. City of Cape Girardeau (Mo.) 170 S. W. 342; Field v. City of Chicago (Ill.) 64 N. E. 840; McCaffrey v. City of Omaha (Neb.) 101 N. W. 251; Fuchs v. City of Cedar Rapids (Iowa) 139 N. W. 903; Levi v. Coyne (Ky.) 57 S. W. 790; Bush v. City of Peoria (Ill.) 74 N. E. 797; South Park Com'rs v. Wood (Ill.) 110 N. E. 349.

So long as the improvement becomes a necessity and peculiarly beneficial to abutting property owners, it constitutes a local improvement and it becomes unimportant to distinguish between improvements and repairs. Gilfillan v. City of Bartlesville, 46 Okla. 428, 148 P. 1012.

The necessity of the improvement and the benefit accruing to the property within the improvement district are legislative questions, as a general rule, and their determination will not be interfered with by the courts. See Seibold v. City of Muskogee, 161 Okla. 241, 17 P. (2d) 678; M., K. & T. R. Co. v. Tulsa, 113 Okla. 21, 238 P. 452; Grier v. Tulsa, 143 Okla. 244, 288 P. 957; St. L.-S. F. R. Co. v. Tulsa, 15 Fed. (2d) 960; White v. City of Pawhuska, 130 Okla. 156, 265 P. 1059; Rawlins v. Warner-Quinlan Asphalt Co., 70 Okla. 309, 174 P. 526; City of Tulsa v. Weston, 102 Okla. 222, 229 P. 108; Pryor v. Western Paving Co., 74 Okla. 308, 184 P. 88.

These are questions of fact and matters peculiarly prerogative of the city officials. The city officials were vested with legislative functions to determine these questions under the 1923 Paving Act. White v. City of Pawhuska, 130 Okla. 156, 265 P. 1059; Bragdon v. City of Muskogee, 133 Okla. 224, 271 P. 1006; Allen v. City of Los Angeles, (Cal.) 291 P. 393. However, this general rule does recognize exceptions. See opinion on rehearing, Seibold v. City of Muskogee, supra, and cases cited therein, when proper pleadings and evidence are offered for the purpose of bringing the case within the exceptions to the general rule. In this particular case, plaintiffs were permitted to amend their petition and offered to introduce their testimony to bring the case within these exceptions. The trial court refused to hear testimony on the amendment to the petition on the question of benefits to their property, and they assign the ruling of the trial court thereon as error.

Plaintiffs' original petition presented no issue on the question of benefits accruing to their property through the improvement project. Their amendment incorporating this theory was not filed until more than a year after the resolution was adopted levying the assessments against their property. This was in total disregard of the provisions of the special statute of limitations found in section 30 of the Paving Act, chapter 173, Session Laws 1923, which bars the right of recovery by the plaintiffs in the instant action.

This action was not begun within 15 days after the publication of the ordinance levying the assessment. The instant action is of no avail as a substitute for the provisions of said section 30. Had the amended petition been filed within the 15-day period provided by said section 30, another question would prevail. The amendment not having been made until more than a year after said publication of the assessment ordinance, there was no error in excluding the offer of testimony made by plaintiffs in support of the allegations to the amendment of their petition. The Legislature has seen fit to limit the time within 15 days after the publication of the ordinance levying the assessment within which time the property owner is permitted to contest the validity of any assessment against his property.

In the instant action the city officials had acquired jurisdiction to determine the necessity for the improvement project, and they were fully empowered by law to take the necessary steps to burden the property in question with assessment for the improvement. White v. City of Pawhuska, supra; Goodholm & Sparrow Inv. Co. v. Cleveland Trinidad Paving Co., 48 Okla. 38, 150 P. 109.

The city officials were authorized, under said chapter 173, Session Laws 1923, to determine the reasonable necessity for the improvement, and having acted within their jurisdiction, no majority protest having been filed, no fraud or oppression having been shown, and no protest or objection having been made in compliance with said chapter 173, supra, there was no error in the judgment of the trial court.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.